### McDONALD v. MOINET, Judge.

#### No. 9538.

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1944.

Walter McDonald, in pro. per.

Vincent Fordell, Asst. U. S. Atty., of Detroit, Mich., for respondent.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

As prayed in the motion of petitioner, Walter McDonald, his appeal has been considered upon a photostatic copy of the record in the District Court and the typewritten briefs filed by him within his requested extended time limit.

The petitioner was convicted on January 25, 1939, upon all six counts of an indictment charging bank robbery, in violation of 12 U.S.C.A., § 588b(a) and (b). On the day following the jury verdict, the District Judge sentenced the petitioner to 35 years' imprisonment in a Federal penitentiary. The petitioner has continuously served time since the sentence was pronounced.

On November 19, 1942, petitioner subscribed and swore to a motion for vacation of the sentences, alleging them to be erroneous and void. The Judge of the United States District Court for Eastern

Michigan, in which district petitioner had been indicted, tried, convicted and sentenced, entered an order on June 12, 1943, denying this motion, described as filed "on January 13, 1943, to vacate part of the sentence." On the second day following this denial of remedy, the United States Attorney filed a petition for a writ of habeas corpus ad prosequendum in order to bring Walter McDonald into the Federal District Court for Eastern Michigan for the purpose of vacating the sentence and resentencing the convict. The District Attorney pursued this course to conform to decisions of Circuit Courts of Appeal holding that the offense of bank robbery by use of deadly weapons, as defined in 12 U.S. C.A., § 588b, Subsection (b), is the same offense as that described in Section 588b, Subsection (a), aggravated by the use of a deadly weapon.

The petition of the Government Attorney conceded that Walter McDonald could properly be sentenced on only one of the counts of the indictment and that the maximum sentence provided for under Title 12, Section 588b, Subsection (b), is twenty-five years.

The District Judge ordered the writ of habeas corpus ad prosequendum to be issued, directed to the Warden of the United States Penitentiary at Leavenworth, Kansas. Some two weeks later, on June 30, 1943, the United States Attorney filed an identical petition for the same writ, except that it was prayed that the writ be directed to the Warden of the United States Penitentiary at Alcatraz, California. This later writ was also ordered to be issued.

In response, the convict Walter McDonald filed a pleading embracing a brief and argument, with citation of authorities, in which he prayed a dismissal without prejudice of the Government's petition to vacate the sentence, pending review by this court of the order of the District Court entered June 12, 1943, denying McDonald's motion to vacate the invalid sentence.

The certified record of the proceedings in the lower court contains an unsigned order allowing an appeal from the order entered June 12, 1943, denying vacation of the sentence, and also an unsigned citation. The record reveals a petition for allowance of appeal, notice and grounds of appeal, assignments of error and a praecipe for a transcript of the record, all signed by Walter McDonald as "movant appellant, pro se."

On October 9, 1943, this court entered an order that the motion of the petitioner Walter McDonald tendered for filing on July 28, 1943, together with exhibits, be filed by the clerk of this court and a copy thereof served upon Honorable E. J. Moinet, Judge of the United States District Court for the Eastern District of Michigan. It was further ordered that the clerk of the District Court file with the clerk of this court a transcript of the record in the court below as called for by the praecipe.

The record shows that on October 21, 1943, the United States District Judge entered an order as follows: "The defendant Walter McDonald having been brought before this Honorable Court, pursuant to a writ of habeas corpus issued on June 30, 1943, on petition of the United States Attorney, and the Court being of the opinion that the sentence imposed on said defendant Walter McDonald in this cause is invalid; it is hereby ordered that the sentence imposed on the defendant Walter McDonald, in this cause on January 26, 1939, be set aside."

On the same date, the District Judge entered the following order re-sentencing the defendant:

"In the matter above entitled, the defendant, after due and proper trial, was found guilty of the charges in the indictment by verdict of jury returned January 25, 1939, and the judgment of this Court was entered January 26, 1939, committing said defendant to the custody of the Attorney General for imprisonment for the term of thirty-five years. It now appearing to the Court that said judgment and sentence was void and, by Order entered upon motion of the United States Attorney, has been vacated and set aside, the said defendant, Walter McDonald, is now present in Court for the purpose of re-sentence.

"The said defendant, Walter McDonald, now being before the Bar of the Court for sentence, and having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, it is by the Court

"Ordered and Adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative, consequent upon the verdict of guilty of the charges alleged in

Count Two of the indictment filed herein, for the period of twenty-five (25) years from and including this day, for imprisonment in a penitentiary.

"It is further ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the same shall serve as the commitment herein."

The substantial relief sought by the petitioner on this appeal is that his original sentence of thirty-five years' imprisonment be construed as intended for proration equally among the six counts of the indictment; that is to say, that the original sentence be construed as carrying five years and ten months' imprisonment on the valid second count; and that all other punishment imposed be held void in view of the error in the original sentence.

 In our judgment, the argument of the petitioner is fallacious. It is true that the original sentence was void, for the reason that the offense of bank robbery by the use of deadly weapons, as defined in 12 U.S.C.A., § 588b(b), is the same offense described in Section 588b(a), aggravated by the use of a deadly weapon, the Congress not being deemed by the courts to have intended to define two separate offenses but only one offense, either aggravated or not aggravated. Lockhart v. United States, 6 Cir., 136 F.2d 122, 124; Dimenza v. Johnston, 9 Cir., 130 F.2d 465, 466; Wells v. United States, 5 Cir., 124 F.2d 334; Hewitt v. United States, 8 Cir., 110 F.2d 1, 10; and Durrett v. United States, 5 Cir., 107 F.2d 438, 439. Compare Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

In the original sentence, the District Court merely lumped all counts into a general sentence of 35 years, which was ten years in excess of the maximum punishment prescribed under Section 588b(b). This void sentence was ultimately set aside, and, simultaneously, a valid sentence within the prescribed limits of 12 U.S.C.A., § 588b(b) was imposed on Count 2 of the indictment.

 In Wilson v. Bell, 6 Cir., 137 F.2d 716, this court stated the principles and reviewed the pertinent authorities with respect to re-sentencing convicted defendants in cases where original sentences are held void. Renewed discussion would seem superfluous. We remarked in the Wilson

case that the effect of entry of a void order in a criminal case is the same as if no order at all had been entered and, of necessity, the case pends until lawfully disposed of by sentence. While originally denying appropriate relief and thereafter indulging undue delay, not however eventually prejudicial to the petitioner, the District Judge in the instant case finally conformed to established principles. See, also, Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, supra.

 Just punishment of crime would be many times thwarted, should United States Courts open meritless technical avenues of escape for the guilty, by barring power to re-sentence in cases where erroneous interpretation of law appears upon the face of the original sentence. The petitioning prisoner has been re-sentenced in a proceeding not violative of due process of law. Accordingly, the judgments entered in his case by the District Court on October 21, 1943, are affirmed.

 The petitioner will be entitled to the benefit of all parole regulations and good-time credits, as if the valid re-sentence of twenty-five years' imprisonment had been pronounced on January 26, 1939, the date of the original void sentence.