768

Circuit Court of Appeals, Ninth Circuit.

April 2, 1945.

As Amended on Denial of Rehearing
May 21, 1945.

Walter McDonald, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and Joseph Karesh, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant, an inmate of the United States Penitentiary at Alcatraz, seeks his discharge from custody by an application for a writ of habeas corpus. Upon the filing of the application the court below issued an order to show cause. Appellee, Warden, filed a return to the order to show cause. Appellant then filed a traverse to the return. Thereafter, upon due consideration of the pleadings and issues involved, the court below discharged the order to show cause and dismissed the petition. The appeal is taken from that judgment.

The facts of this case are clearly set forth in McDonald v. Moinet, 6 Cir., 1944, 139 F.2d 939, certiorari denied, 322 U.S. 730, 64 S.Ct. 942, rehearing denied, 322 U.S. 769, 64 S.Ct. 1142, wherein the court considered the same arguments that the petitioner here advances and rendered a decision adverse to his contentions. The Moinet case involved an appeal from an adverse judgment to McDonald's petition for an order vacating the sentence of 35 years imprisonment entered following petitioner's conviction upon all six counts of an indictment charging bank robbery and violation of 12 U.S.C.A. § 588b.

During the pendency of the appeal in the Moinet case, and upon the petition of the United States Attorney, the District Court entered an order vacating and setting aside the original sentence for 35 years and on the same day re-sentenced the appellant to 25 years on count two of the indictment. This second sentence, although entered some four and one-half years after the trial, was thought necessary because the original sentence had been based upon Sections 588b(a) and 588b(b), 12 U.S.C.A., as if they defined two separate offenses, whereas several Circuit Courts of Appeal had recently held that these sections were intended to define only one offense, either aggravated or not aggravated. See Dimenza v. Johnston, 9 Cir., 130 F.2d 465; McDonald v. Moinet, supra, 139 F.2d 939 at page 941 for cases. In the Moinet case the court had the transcript of the District Court's re-sentencing order brought before it.

■ The substantial question raised by appellant in both his appeal in the Moinet case and in this case is whether the District Court has the power to set aside the original sentence and re-sentence in the manner it did here. Appellant now claims, as he did in the previous appeal in the Sixth Circuit, that his original sentence for 35 years imprisonment should be prorated between the six counts so that the original sentence be construed as imposing a five year and 10 months sentence on each of the six counts. Upon this premise appellant argues that he should now be released on his writ of habeas corpus since the District Court had no power to re-sentence him and since at the time of his application to the Court below in May, 1944 for the writ of habeas corpus he had served the five year and 10 month sentence on count two (discounting good time). The contention is without merit. See Vautrot v. United States, 8 Cir., 144 F.2d 740.

■ Appellant further contends that the second sentence is otherwise invalid because it provides that it shall commence to run from October 21, 1943, instead of January 26, 1939, the date of the first sentence. He contends that the district court's first sentence was void only as to its excess over 25 years and that the district court had no power to do other than deduct 10 years from its first sentence. He cites the Vautrot case, supra, in the Circuit Court of Appeals for the Eighth Circuit, a case identical with the facts of the instant case. There the district court, instead of setting aside the 35-year sentence, merely modified it by reducing it to 25 years.

Appellant also cites Bryant v. United States, 8 Cir., 214 F. 51, 52, where the sentence was corrected from 2 years to 1 year, to begin on the date of the original sentence.

This is in accord with our view of the law as stated in McKee v. Johnston, 9 Cir., 109 F.2d 273, 276:

"It is well settled that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in ex-

cess of what the law permits does not render the authorized portion of the sentence a nullity, but leaves open to attack on habeas corpus only such portion of the sentence as is excessive. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L. Ed. 631; In re Bonner, 151 U.S. 242, 14 S. Ct. 323, 38 L.Ed. 149. The rule applicable here is analogous to that principle."

and that of the case of Wilson v. Bell, 6 Cir., 137 F.2d 716, 721, cited in McDonald v. Moinet, supra, in which the court states:

"Where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of that permissible by law does not render the lawfully authorized portion of the sentence void, but leaves open to attack on habeas corpus only such portion of the sentence as is excessive. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631, * * *."

It is obvious that if the first sentence was valid for 25 years and that the district court was without power to do other than take therefrom the last ten years then the attempted setting aside of the first sentence (after the expiration of the court's term) is void and that the appellee Warden properly has appellant's custody under the first sentence and commitment order at least for 25 years from January 26, 1939.

If, on the other hand, the second sentence is valid, though arguably excessive as to such portion as confines appellant for more than 25 years from January 26, 1939, he is also properly held in custody by the appellee.

■ The federal courts have no power in a habeas corpus proceeding, once it is shown that in any event the petitioner is presently held legally by his jailor, to determine such questions as the future termination of his sentence. McNally v. Hill, 293 U.S. 131, 138 et seq., 55 S.Ct. 24, 79 L.Ed. 238; DeMaurez v. Squier, 9 Cir., 121 F.2d 960, 962, and cases cited.

The order dismissing the petition for the writ of habeas corpus is

Affirmed.