Walter McDONALD, Appellant,

v.

C. H. LOONEY, Warden, United States
Penitentiary, Leavenworth, Kansas,
Appellee.

No. 5442.

United States Court of Appeals
Tenth Circuit.

Nov. 23, 1956.

Walter McDonald, pro se.

E. Edward Johnson, Asst. U. S. Atty.,
Topeka, Kan. (William C. Farmer, U.
S. Atty., Topeka, Kan., and Milton P.
Beach, Asst. U. S. Atty., Kansas City,
Kan., on the brief), for appellee.

Before PHILLIPS, MURRAH and
LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order discharging a writ of habeas corpus and dismissing the application for the writ.

On January 25, 1939, McDonald[1] was convicted on six counts of an indictment charging violations of 12 U.S.C.A. § 588b(a) and (b). On the following day he was sentenced to imprisonment for a term of 35 years.

On November 19, 1942, the petitioner filed a motion for vacation of the sentence on the ground that it was erroneous and invalid. The trial court denied the motion. Thereafter, the petitioner was brought before the sentencing court on a petition filed by the United States Attorney and on October 21, 1943, the trial court entered an order setting aside the original sentence and resentenced the petitioner to imprisonment for a term of 25 years "from and including this day."

On appeal from that order the Court of Appeals for the Sixth Circuit affirmed the sentence, but held that the petitioner would "be entitled to the benefit of all parole regulations and good-time credits, as if the valid re-sentence of twenty-five years' imprisonment had been pronounced on January 26, 1939, the date of the original void sentence."[2]

On January 9, 1954, the petitioner was conditionally released from the United States Penitentiary at Leavenworth, Kansas, with 3,668 days of his original sentence unserved. On July 15, 1954, a warrant was issued for the arrest of petitioner as a conditional release violator. The petitioner was taken into custody on the warrant and on

1. Hereinafter called the petitioner.

2. McDonald v. Moinet, 6 Cir., 139 F.2d 939, 941.

November 9, 1954, the order of parole was revoked.

■ The ground set forth in the application for the writ is that the second sentence of 25 years subjected the petitioner to double jeopardy and double punishment, in violation of the Fifth Amendment to the Constitution of the United States. The court below held that the application was an attack upon the validity of the judgment imposing the sentence of 25 years; that the petitioner's remedy was under 28 U.S.C.A. § 2255, and that the petitioner had failed to show that the remedy under that section was inadequate and ineffective to test the legality of his detention. His remedy, if the second sentence was invalid, which we do not hold for the reasons hereinafter stated, was to apply for relief to the sentencing court.[3]

We are of the opinion that McDonald had an adequate and effective remedy under § 2255.

In a habeas corpus proceeding brought by McDonald while he was in custody in the United States Penitentiary at Alcatraz, the Court of Appeals for the Ninth Circuit held that McDonald was lawfully in custody and that he could not, on habeas corpus, prior to the time he had served 25 years from January 26, 1939, obtain an adjudication with respect to the alleged excessive portion of the sentence.[4]

Only after McDonald has served for a period of 25 years from January 26, 1939, less deductions for good time credits, can he challenge the validity of his detention by a proceeding in habeas corpus.[5]

■ Perhaps it would have been better had the Court of Appeals for the Sixth Circuit expressly modified the second sentence, so that it would run from January 26, 1939. However, we think that was the effect of the direction of that court. So construed, the second sentence did not subject the petitioner to double jeopardy, in violation of the Fifth Amendment.

Affirmed.

---

3. Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

4. See McDonald v. Johnston, 9 Cir., 149 F.2d 768.

5. McDonald v. Johnston, 9 Cir., 149 F.2d 768; United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Wilson v. Bell, 6 Cir., 137 F.2d 716, 721.