**Charles N. LAMBERT, Appellant,**

v.

**Merle E. SCHNECKLOTH, Superintendent, Washington State Penitentiary, Walla Walla, Washington, Appellee.**

**No. 15364.**

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1957.

Charles N. Lambert, in pro. per.

John J. O'Connell and Michael R. Alfieri, Asst. Attys. Gen., for appellee.

Before DENMAN, Chief Judge, and BONE and BARNES, Circuit Judges.

PER CURIAM.

In 1950 appellant was convicted of commission of the crime of robbery in the Superior Court of Spokane County, State of Washington. For this offense he was sentenced to the Washington State prison for a term of twenty years, which sentence he is now serving. In June of 1956, appellant questioned the validity of confinement under this sentence by a petition for habeas corpus addressed to and filed in the United States District Court for the Eastern District of Washington. The record on the instant appeal shows that this petition was denied by that court on August 21, 1956.

In 1955 appellant was convicted in the Walla Walla County Superior Court, State of Washington, of the crime of first degree assault. Upon this conviction he was sentenced to a prison term of fifty years. On September 27, 1956, appellant questioned the validity of this (second) sentence by filing a petition for habeas corpus in the United States District Court for the Eastern District of Washington. This petition was denied by that court. From this denial appellant prosecuted the present appeal.

Appellant contends that since he is now "serving both sentences" he may question the validity of the second and latest sentence by habeas corpus while

(concededly) serving the earlier sentence. He is not challenging the validity of the first (20 year) sentence.

In Oughton v. United States of America, 1954, 9 Cir., 215 F.2d 578, 579, this Court had before it a case where appellant was serving concurrent sentences. We there laid down the rule that:

"* * * In habeas corpus the applicant has no right to have adjudicated the validity of a sentence where, if adjudicated in his favor, he would still be confined in the same penitentiary under another existing sentence."

Our holding in the Oughton case is in accord with the holdings in McDonald v. Johnston, 1945, 9 Cir., 149 F.2d 768, 769; Lee v. Swope, 1955, 9 Cir., 225 F.2d 674, 675, and the many cases of this Court there cited; McNally v. Hill, 1934, 293 U.S. 131, 137, 55 S.Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, 1941, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392.

The district court properly denied the instant petition for a writ of habeas corpus. Its order should be and is

Affirmed.