Frederick OWENS, Jr., Petitioner-
Appellant,

v.

T. Wade MARKLEY, Warden, etc.,
Respondent-Appellee.

No. 13202.

United States Court of Appeals
Seventh Circuit.

April 26, 1961.

Wilbur F. Dassel, Evansville, Ind., for
appellant.

Don A. Tabbert, U. S. Atty., Indian-
apolis, Ind., Carl E. Van Dorn, Asst. U. S.
Atty., Kokomo, Ind., for appellee.

Before DUFFY, SCHNACKENBERG
and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the
District Court for the Southern District
of Indiana, granting respondent's motion
to dismiss a petition for a writ of habeas
corpus which had been filed by petitioner.

This Court entered an order permitting
petitioner to proceed on this appeal *in
forma pauperis.* The printing of the
record on appeal and the printing of ap-
pellant's brief were waived. Wilbur F.
Dassel, Esq. of the Evansville, Indiana
bar was appointed to represent the peti-
tioner. Oral argument was waived on
motion of appellant, consented to by re-
spondent.

Petitioner alleged that on or about May
15, 1955, while serving with the Armed
Forces of the United States of America,
within the geographical limits of the
United States, he was charged, tried and
convicted by a military court-martial of
a capital offense, to-wit: rape, in viola-
tion of Article 120, Uniform Code of Mili-
tary Justice, 10 U.S.C. § 920, enacted
May 5, 1950, and was sentenced to fifteen
years imprisonment.

He alleged further that on May 15,
1955, the date of the capital offense, the
United States of America was at peace,
and not "in time of war or public danger"
within the meaning of the Fifth Amend-
ment to the Constitution of the United
States. Petitioner argues the court-mar-
tial before which he was tried, was with-
out constitutional or statutory jurisdic-
tion to try and convict him of a capital
offense. He also claims he was deprived
of his constitutional rights of indictment
by a grand jury and trial by jury accord-
ed by the Fifth and Sixth Amendments to
the United States Constitution.

As stated by petitioner's counsel, the
issues before us on this appeal are wheth-
er: a) "The Fifth Amendment and the
Uniform Code of Military Justice author-

ize a Courts*(sic)*-Martial to try, convict and sentence a member of the Armed Forces, other than Militia, in 'time of peace' and not 'in time of war or public danger.' " and b) "The Sixth Amendment and the Uniform Code of Military Justice authorize a Courts*(sic)*-Martial to try, convict and sentence a member of the Armed Forces, other than Militia, without 'public trial, by an impartial jury', in 'time of peace' and not 'in time of war or public danger.' "

The pertinent parts of the amendments relied on by petitioner are:

Fifth Amendment: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; * * *."

Sixth Amendment: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * *."

■ Military tribunals are not governed by the procedure for trials prescribed in the Fifth and Sixth Amendments. Ex parte Quirin, 317 U.S. 1, 40, 63 S.Ct. 1, 87 L.Ed. 3. The Supreme Court there held that indictment by a grand jury and a trial by jury are not constitutional requirements for trials before military commissions.

In Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141, the petitioner was convicted of rape by a general court-martial. The Court there held that any error that may have been committed by the Military authorities in evaluating the evidence tendered is beyond the reach of review by the civil courts. The Court specifically held, 340 U.S. at page 127, 71 S.Ct. at page 149, "The right to trial by jury guaranteed by the Sixth Amendment is not applicable to trials by courts-martial or military commissions."

In Hackworth v. Taylor, 10 Cir., 283 F.2d 250, the Court held that a soldier convicted by court-martial of murder was not entitled to release upon a writ of habeas corpus on the ground he came within the protection of individual rights afforded by the Fifth Amendment to the Constitution.

Petitioner relies strongly on Lee v. Madigan, 358 U.S. 228, 79 S.Ct. 276, 3 L.Ed.2d 260. This reliance is misplaced. The Lee case is clearly distinguishable.

Lee was charged under Article of War 92, 10 U.S.C. (1946 ed., Supp. IV) § 1564. This Article, prior to the adoption of the Uniform Code of Military Justice (64 Stat. 108, 10 U.S.C. § 801 et seq., enacted May 5, 1950), governed trials for murder and rape before courts-martial. Article of War 92, provided " * * * no person shall be tried by court-martial for murder or rape committed within the geographical limits of the States of the Union and the District of Columbia in time of peace." But the comparable section of the Uniform Code contains no such provision. Article 5, 10 U.S.C. § 805 provides that the code "applies in all places." As petitioner was tried pursuant to the Uniform Code of Military Justice, it is clear Lee v. Madigan has no application. Burns v. Taylor, 10 Cir., 274 F.2d 141, 143.

■ Petitioner's emphasis that on the date of the alleged offense our country was at peace and not in war or public danger, does not raise an issue. The Supreme Court long ago in Johnson v. Sayre, 158 U.S. 109, 115, 15 S.Ct. 773, 39 L.Ed. 914, held that the words relied on by petitioner applied only to the militia.

It might be advisable to remind all interested that those convicted by courts-martial are not without remedy. A good explanation of such rights is contained in Burns v. Wilson, 346 U.S. 137, 141, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508, where the Court said:

" * * * The revised Articles, and their successor—the new Code —also establish a hierarchy within the military establishment to review

the convictions of courts-martial, to ferret out irregularities in the trial, and to enforce the procedural safeguards which Congress determined to guarantee to those in the Nation's armed services. And finally Congress has provided a special post-conviction remedy within the military establishment, apart from ordinary appellate review, whereby one convicted by a court-marital, may attack collaterally the judgment under which he stands convicted.

"The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights."

We are indebted to Mr. Wilbur F. Dassel for his competent services in behalf of the petitioner on this appeal.

The District Court was correct in granting respondent's motion to dismiss the petition for a writ of habeas corpus. Said order is

Affirmed.