**Gordon Jay THOMPSON, Petitioner,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.**

**No. 453.**

United States District Court
M. D. Pennsylvania.

Oct. 12, 1962.

Gordon Jay Thompson, pro se.

FOLLMER, District Judge.

Gordon Jay Thompson is a military prisoner presently serving his sentence at the United States Penitentiary, Lewisburg, Pennsylvania. He filed a Petition for Writ of Habeas Corpus to which a Response has been filed but no Traverse.

It is his contention that he was tried and convicted by a court-martial for a capital offense although "the United States was not at war at the time of the offences or the trial for the offences." He further contends that the military authorities had no power to try and convict him "for the crime of reckless driving * * * after having already been tried by the state of Oklahoma and fined." His third contention is that "as the petitioner was tried in Oklahoma for an offence commited (sic) in New Jersey by men from states other than the aforementioned, said trial was illegal."

A copy of the proceedings involving petitioner, duly authenticated by the Department of the Army, was submitted with the Response. The material facts are as follows: the petitioner, Gordon Jay Thompson, was arrested around March 4, 1959, while serving as a soldier, grade of private, in the United States Army and confined at Fort Sill, Oklahoma, during an investigation of an offense of murder allegedly committed on February 21, 1959, at Fort Monmouth, New Jersey. Subsequently, Thompson was charged with premeditated murder in violation of Article 118, Uniform Code of Military Justice (10 U.S.C. § 918), with larceny in violation of Article 121, Uniform Code of Military Justice (10 U.S.C. § 921), and with reckless driving in violation of Article 111, Uniform Code of Military Justice (10 U.S.C. § 911). He was convicted, by a general court-martial, of the three charges on July 28, 1959. The various appellate and review procedures have been had including final action on a petition for grant of review by the United States Court of Military Appeals.

Thompson's allegation that he could not be tried by a military court for a capital offense[1] committed within the United States during time of peace calls for no extended discussion. He relies on the case of Lee v. Madigan, 358 U.S. 228, 79 S.Ct. 276, 3 L.Ed.2d 260 (1959). That decision, however, had reference to the old "Article of War 92, 10 U.S.C. (1946 ed., Supp. IV) § 1564, which, prior to the adoption of the Uniform Code of Military Justice, governed trials for murder or rape before courts-martial," and which "contained a proviso 'That no person shall be tried by court-martial for murder or rape committed within the geographical limits of the States of the Union and the District of Columbia in time of peace.' "

In 1950 Congress enacted the present military justice code which became effective on May 31, 1951. The Uniform Code of Military Justice was enacted by the Act of May 5, 1950, Public Law 506, 81st Congress, C. 169, § 1, 64 Stat. 107, 50 U.S.C. (Chap. 22) §§ 551–741 (1952 edition). The Uniform Code of Military Justice was codified and re-enacted into law August 1956, 70A Stat. §§ 36–78; 10 U.S.C. §§ 801–940.

Article 2 of the Uniform Code of Military Justice (10 U.S.C. § 802) provides in pertinent part as follows:

"Art. 2. Persons subject to this chapter. The following persons are subject to this chapter:

"(1) Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment; volunteers from the time of their muster or acceptance into the armed forces; inductees from the time of their actual induction into the armed forces; and other persons lawfully called or ordered into, or to duty in or for training in, the armed forces, from the dates when they are required by the terms of the call or order to obey it."

---

1. Premeditated murder, under the provisions of Article 118, Uniform Code of Military Justice (10 U.S.C. § 918) re-
quires a mandatory sentence of death or life imprisonment.

There are no restrictions in the Uniform Code of Military Justice as to the jurisdiction of a military court-martial over active duty military personnel on the basis of the type of offense or the area where the offense was committed such as were contained in the Articles of War and pointed out by the Supreme Court in Lee v. Madigan, supra. The Uniform Code of Military Justice is applicable to all active duty soldiers in all places in the world as to offenses prohibited by the Code, Owens v. Markley, 7 Cir., 289 F.2d 751 (1961); McElroy v. United States ex rel. Guagliardo, (1960), 361 U.S. 281, 286, 80 S.Ct. 305, 4 L.Ed. 2d 282.

His second contention that the military authorities could not try and convict him for the crime of reckless driving because he had been convicted and fined by the State of Oklahoma is totally lacking in merit, even assuming that it could be properly raised in habeas corpus at this time. As was stated by Justice Holmes in Westfall v. United States (1927) 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036, "Of course an act may be criminal under the laws of both jurisdictions" (State and Federal). Nor is this matter properly before this Court in habeas corpus since he is presently serving the sentence for premeditated murder and a decision in his favor on the reckless driving charge could not result in his immediate release, Lambert v. Schneckloth, 9 Cir., 241 F.2d 711 (1957); McGann v. Taylor, 10 Cir., 289 F.2d 820 (1961).

Thompson's contention that the trial was illegal because he "was tried in Oklahoma for an offence commited (sic) in New Jersey by men from states other than the aforementioned" presents no problem. Military tribunals are not governed by the procedure for trials prescribed by the Fifth and Sixth Amendments, Owens v. Markley, supra.

Accordingly, order will be entered denying the Petition for Writ of Habeas Corpus.