**Gordon Jay THOMPSON, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Lewisburg, Pennsylvania.**

**No. 14329.**

United States Court of Appeals Third Circuit.

Submitted May 10, 1963.

Decided May 22, 1963.

Gordon Jay Thompson, pro se.

Bernard J. Brown, U. S. Atty., Lewisburg, Pa., Lt. Col. James C. Waller, Jr., JAGC, Washington, D. C. (Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., on the brief), for appellee.

Before McLAUGHLIN and FORMAN, Circuit Judges, and COOLAHAN, District Judge.

PER CURIAM.

Gordon Jay Thompson, a former private in the United States Army, was convicted by a general court martial on July 28, 1959 of premeditated murder, larceny and reckless driving in violation of respective Articles 118, 121 and 111 of the Uniform Code of Military Justice (10 U.S.C.A. §§ 918, 921 and 911). He was sentenced, among other sanctions, to life imprisonment, which he is now serving at the United States Penitentiary, Lewisburg, Pennsylvania.

He petitioned the United States District Court for the Middle District of Pennsylvania for a writ of habeas corpus on the grounds (1) that he was illegally detained because he was tried by a military court for a capital offense in time of peace in violation of his rights under the Constitution of the United States; (2) that his military trial for reckless driving was invalid because it was for the identical offense for which he was tried, convicted and sentenced by a court of the State of Oklahoma; and (3) that his military trial in Oklahoma for an offense committed in New Jersey was unlawful.

Judge Follmer found in his memorandum opinion that Thompson had pursued

the various appellate and review procedures open to him, including final action on a petition for grant of review, which was denied by the United States Court of Military Appeals. He also correctly and effectively disposed of Thompson's claims contrary to his contentions and on October 12, 1962 entered an order, 217 F.Supp. 901, denying the petition for the writ. This appeal is from that order.

■■ Thompson's arguments are the same as before the District Court except for the elaboration of his contention that Article 118 of the Uniform Code of Military Justice (10 U.S.C.A. § 918) violates the Fifth Amendment of the Constitution of the United States in that it subjected him as a member of the military forces on active duty for a capital crime in time of peace without indictment by a Grand Jury.

The Fifth Amendment provides in pertinent part:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, *when in actual service in time of War or public danger; * * *.*" (Emphasis added.)

In particular Thompson submits that under rules of grammar the above italicized language not only modifies "Militia" but also modifies "land or naval forces". This contention is without merit. It was raised long ago and disposed of in Johnson v. Sayre, 158 U.S. 109, 114, 15 S.Ct. 773, 775, 39 L.Ed. 914 (1895) when the Court said:

"The decision below is based upon the construction that the words 'when in actual service in time of war or public danger' refer, not merely to the last antecedent, 'or in the militia,' but also to the previous clause, 'in the land or naval forces.' That construction is grammatically possible. But it is opposed to the evident meaning of the provision, taken by itself, and still more so,

when it is considered together with the other provisions of the Constitution."

For the reasons ably stated by Judge Follmer in his memorandum opinion his order of October 12, 1962 denying the petition for a writ of habeas corpus will be affirmed.