UNITED STATES of America ex rel. Joseph RINALDI, Appellant,

v.

STATE OF NEW JERSEY, Appellee.

No. 14326.

United States Court of Appeals Third Circuit.

Submitted May 24, 1963.

Decided Aug. 26, 1963.

Joseph A. Rinaldi, pro se. for petitioner.

Brendan T. Byrne, Pros. of Essex County, Peter Murray, Asst. Pros., Newark, N. J., for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

### WILLIAM F. SMITH, Circuit Judge.

The appellant was tried and convicted in the Essex County Court of New Jersey, in May of 1959, on each of three counts of an indictment charging respectively: unlawful entry with intent to steal; possession of burglar's tools; and larceny, in violation of N.J.S.A. 2A:94-1, 2A:94-3 and 2A:119-2. He was thereupon sentenced to separate terms of imprisonment as follows: 6 to 7 years on the first count, and 2 to 3 years on each of the second and third counts. It was ordered that the sentences on the second and third counts run concurrently but consecutively with the sentence on the first count, an aggregate sentence of 8 to 10 years, under the laws of New Jersey, N.J.S.A. 30:4-123.10.

While the appellant was serving the first term of imprisonment he was tried and convicted in the same court, in May of 1960, on each of two indictments charging respectively: assault with intent to kill, and threatening to take the life of another, in violation of N.J.S.A. 2A:90-1 and 2A:113-8. He was thereupon sentenced to terms of imprisonment of 5 to 10 years, the said terms to run concurrently. It was ordered that these sentences run consecutively with the sentence imposed earlier. The judgment was affirmed on appeal and a petition for writ of certiorari was denied by the Supreme Court, 366 U.S. 914, 81 S.Ct. 1089, 6 L.Ed.2d 238 (1961).

The legality of the first conviction and the propriety of the sentences imposed thereon were challenged in an application for a writ of habeas corpus filed in the District Court on September 20, 1961 (Civil Action No. 801-61). The application was denied, and on appeal the denial was affirmed by this Court (No. 13,927). The legality of the appellant's second conviction and the propriety of the sentences imposed thereon were challenged in an application for a writ of habeas corpus filed in the District Court on November 29, 1962, 3 Cir., 305 F.2d 375. This application was denied and the present appeal followed.

██ The appellant here charges, as he did in the court below, that he was deprived of a fair and impartial trial because of alleged errors and other irregularities which we find it unnecessary to consider. It appears from the record that the appellant is presently restrained not because of the second sentence but because of the first sentence, the service of which has not been completed. It is well settled that under these circumstances the traditional remedy under a writ of habeas corpus may not be invoked. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941); McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Turner v. State of Maryland, 303 F.2d 507, 511 (4th Cir. 1962); McGann v. Taylor, 289 F.2d 820 (10th Cir. 1961); Lambert v. Schneckloth, 241 F.2d 711 (9th Cir. 1957); Lee v. Swope, 225 F.2d 674 (9th Cir. 1955), cert. den. 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839 (1956); Pope v. Huff, 117 F.2d 779 (D.C.Cir.1941), cert. den. 314 U.S. 669, 62 S.Ct. 134, 86 L.Ed. 535 (1941). The writ of habeas corpus will not lie to test the legality of a sentence which a prisoner may be required to serve at some future time. Ibid.

The District Court's denial of the petition for writ of habeas corpus will be affirmed.