**Robert LOWTHER, Petitioner-Appellant,**

**v.**

**E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

**No. 16137.**

United States Court of Appeals
Sixth Circuit.

July 2, 1965.

Robert Lowther, in pro. per.

William B. Saxbe, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court denying petitioner-appellant's petition for a writ of habeas corpus.

Appellant had been convicted by a jury in the Common Pleas Court of Cuyahoga County, Ohio, of first degree murder on Count I of an indictment which charged him with killing Rudolph Kordis in the perpetration of a robbery. He was also convicted of second degree murder on

Count II which charged him with killing Kordis with deliberate and premeditated malice. The jury recommended mercy on the first count and he was sentenced to life imprisonment on each count, the sentences to run concurrently.

Appellant argues that he killed only one man, and that he has been placed in jeopardy twice for the commission of a single offense. This point was never raised in a direct appeal in the Ohio courts, but only in a habeas corpus proceeding.

■ The offenses of which Appellant was convicted were separate and distinct under Ohio law. Ohio Rev.Code § 2901.-01. Different evidence was required to establish each offense. Conviction on one count did not place him in double jeopardy so as to prevent conviction on another count for a different offense. State v. Ferguson, 175 Ohio St. 390, 195 N.E.2d 794 (1964); Vertz v. Sacks, 173 Ohio St. 459, 183 N.E.2d 924 (1962).

The conviction of first degree murder, however, was for a greater offense than second degree. If the death penalty had been imposed on Count I, as authorized under Ohio law when the jury does not recommend mercy, the life sentence for second degree murder would have been regarded as surplusage. State v. Ferguson, supra.

■ In any event, Appellant is in custody under a life sentence lawfully imposed by the Court on Count I of the indictment. Until he is released from custody under that sentence, the remedy of habeas corpus is not available to attack the validity of the sentence under Count II. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1957); McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Lowther v. Maxwell, 175 Ohio St. 39, 191 N.E.2d 172 (1963); Page v. Green, Supt., 174 Ohio St. 178, 187 N.E.2d 592 (1963).

Affirmed.