Mitchell BRANFORD, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15239.

United States Court of Appeals Seventh Circuit.

March 2, 1966.

This court in Owens v. Markley, 289 F.2d 751 (7th Cir. 1961), decided the first two contentions adversely to the position of petitioner. The last contention has no merit. A request for enlisted men to serve on the court-martial was required by 10 U.S.C. § 825(c) (1) to be made before the court-martial was convened. And if petitioner's counsel failed to inform him of 10 U.S.C. § 825(c) (1), the point cannot be raised here for the first time. Finally, and conclusively, petitioner does not show or suggest that he has exhausted his military appellate or post-conviction remedies. Burns v. Wilson, 346 U.S. 137, 141, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

Affirmed.

---

Mitchell Branford, Jr., pro se.

Richard P. Stein, U. S. Atty., James Manahan, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This is a pro se petition for habeas corpus by a prisoner sentenced March 25, 1961, by a general court-martial for a violation of 10 U.S.C. § 918, Article 118 of the Universal Code of Military Justice. The district court dismissed the petition. We affirm.

The petitioner contends that the court-martial was without jurisdiction to entertain the prosecution against him for a capital offense in time of peace; that he is entitled to a jury trial; and that he was not informed at the trial that "at least one third of the members of the Courts-Martial could have been enlisted men."