390 F.2d 360
 UNITED STATES of America ex rel. James F. O'CALLAHAN, Appellant,
v.
J. J. PARKER, Warden, United States Penitentiary, Lewisburg,
Pennsylvania, andthe Department of the Army,
United States Army, Washington, D.C.
 Nos. 16210, 16211.
 United States Court of Appeals Third Circuit.
 Submitted on Briefs Jan. 17, 1967.
Opinion Feb. 2, 1967.
Reargued on Jan. 11, 1968.
Decided March 8, 1968.
 
 Victor Rabinowitz, Rabinowitz & Boudin, New York City, for appellant.
 Captain Richard F. Locke, Office of the Judge Advocate General, Department of the Army, Washington, D.C. (Bernard J. Brown, U.S. Atty., Harry A. Nagle, Asst. U.S. Atty., Lewisburg, Pa., James R. Robinson, Lieutenant Colonel, JAGC, Office of The Judge Advocate General, Department of the Army, Washington, D.C., Bernard J. Brown, U.S. Atty., Abraham Nemrow, Lieutenant Colonel, JAGC, Office of The Judge Advocate General, Department of the Army, Washington, D.C., on the brief), for appellee.
 Before HASTIE, Chief Judge, and GANEY and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 The petitioner in this habeas corpus proceeding was a soldier in the United States Army when a court-martial convicted him of the crimes of housebreaking and assault with intent to commit rape and imposed a ten year sentence which he is now serving.
 
 
 2
 After his sentence had become final he attacked it collaterally by petition in the nature of error coram nobis in the United States Court of Military Appeals. That court accepted the petition as within its jurisdiction, considered the allegations on their merits and denied relief. United States v. O'Callahan, 1967, 16 U.S.M.A. 568, 37 C.M.R. 188.
 
 
 3
 The present petition for habeas corpus was filed in the District Court for the Middle District of Pennsylvania, the district within which the prisoner is now confined. Denial of the petition was followed by this appeal.
 
 
 4
 Upon first argument we declined to consider the merits of the appeal because a petition for reconsideration of certain relevant issues was pending before the Court of Military Appeals. However, after that court denied the requested reconsideration, we agreed to consider and decide the merits of the appeal and we now do so.
 
 
 5
 Before the Court of Military Appeals the prisoner urged that his conviction had been obtained through violation of his Sixth Amendment right to confrontation of the witnesses against him. He has reasserted that contention in the present proceeding.
 
 
 6
 For many years courts-martial permitted the prosecution to introduce into evidence sworn answers which absent and not conveniently available witnesses had given to written interrogatories. Article 49, Uniform Code of Military Justice, 10 U.S.C. 849. The defense was permitted to have cross-interrogatories submitted to and answered by such witnesses along with the prosecution's questions. However, no provision was made in this case for depositions taken by way of direct and cross-examination by opposing counsel.
 
 
 7
 The alleged assault which gave rise to this prosecution occurred in a hotel room in Hawaii. The alleged victim, a fourteen year old girl, was a tourist from California. Three New Yorkers, also hotel guests, were among the witnesses. The testimony of these four persons was obtained in the form of sworn answers to interrogatories given after they had returned home. Defense counsel, advised of the contemplated interrogatories and his right to submit cross-interrogatories, objected to that procedure and asked for the right to cross-examine the witnesses. This request was denied and the defense then refused to submit cross-interrogatories. Subsequently, the answers of the four witnesses to interrogatories were read into evidence at the petitioner's trial over the objection of defense counsel.
 
 
 8
 In a subsequent and unrelated case, tried after the petitioner's conviction had become final, the Court of Military Appeals decided that its past rulings sanctioning the use of sworn answers to interrogatories as evidence in military trials had been mistaken and that the testimony of an absent witness must be taken by deposition with attendant opportunity afforded defense counsel to cross-examine the deponent. United States v. Jacoby, 1960, 11 U.S.C.M.A. 428, 29 C.M.R. 244. Therefore, in his post conviction petition to the Court of Military Appeals, the petitioner sought to have his conviction set aside because he had been denied the right of confrontation which the court had subsequently recognized in the Jacoby case. The court refused to set aside the conviction on the ground that, apart from the answers to interrogatories, the evidence of guilt was overwhelming and undisputed and, therefore, the introduction of the additional incompetent evidence was merely cumulative and not prejudicial.
 
 
 9
 We have to decide, first, whether the record justifies the factual conclusion that the accused was not prejudiced and, second, whether the use of the evidence in question was such a deprivation of Constitutional right as requires redress by a federal civil court on habeas corpus, whatever may appear concerning prejudice or lack of prejudice.
 
 
 10
 At the petitioner's trial several witnesses testified in open court to essential elements of the alleged crimes. Charles Redden, a soldier who had been a friend and companion of the petitioner, testified that on the evening in question, after they had drunk several beers, he and the petitioner made their way to the balcony outside of the fourth story hotel room where the intrusion and assault allegedly occurred. Looking in they saw a girl in bed. The defendant suggested that they enter the room and that one of them should have intercourse with the girl while the other held her. Redden rejected the suggestion, warned the defendant that such conduct would be rape and left the scene. He returned to the car in which they had come to the hotel and waited a short time for the petitioner who did not return.
 
 
 11
 Herman Olivieri, the hotel security officer, testified that, informed of screams from upstairs he had gone outside the building and had seen the petitioner climbing down the exterior of the hotel from balcony to balcony. He gave chase and apprehended the defendant a short distance away. He testified that the petitioner was dressed in trousers and a 't-shirt, that his belt was loose and his trousers open. He took the defendant to the room of the girl who allegedly had been assaulted and there observed injuries to the girl's face and arms which he described to the court. He also testified that the defendant admitted that a shirt found at the scene belonged to him and that he had entered the room and there had been a 'scuffle' between him and the girl.
 
 
 12
 In addition, a confession made by the defendant to the military police was read into the record at the trial without objection after evidence of voluntariness. In this statement, the defendant admitted entering the hotel room and striking the girl and that his intent was rape. He also stated that he and Redden had drunk more beer than had been admitted by Redden. He described the girl as appearing to be about 18, although the victim's deposition showed her age to have been 14.
 
 
 13
 We turn now to the answers of the assaulted girl and the other hotel guests to interrogatories which were admitted over objection that the defendant had had no opportunity to confront or cross-examine the deponents. The girl's statement described her injuries more vividly than did the hotel security officer's testimony and added that her age was 14. She also confirmed the defendant's admission that he had said that he had a knife and would kill her if she should move. Otherwise she added nothing to the testimony given in open court.
 
 
 14
 The other deponents stated in their answers to interrogatories that they had heard screams and had seen a man climbing down the side of the building. They also described the girl's injuries.
 
 
 15
 The defense offered no testimony tending to disprove any essential element of the prosecution's case. Instead, after the court-martial had found the petitioner guilty as charged, the defense sought to show that the petitioner had been a superior and well-behaved soldier and that this episode was an aberrant and irrational departure from his otherwise consistent good conduct. The court then sentenced the petitioner to a dishonorable discharge and to ten years at hard labor. A maximum sentence of twenty-five years would have been permissible.
 
 
 16
 Out study of the record satisfies us that the Court of Military Appeals was justified in its conclusion that the accused was not prejudiced by the answers of the absent witnesses to interrogatories. No rational trier of fact could have acquitted the accused in the light of the above outlined undisputed testimony of witnesses in open court and the confession of the accused. Thus, even if the use of the answers to interrogatories was inconsistent with the mandate of the Sixth Amendment,[1] the error was harmless in this case.
 
 
 17
 The Supreme Court has recently considered the significance of the absence of prejudicial consequence where error is of Constitutional dimension. Chapman v. State of California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, applying the doctrine of Fahy v. State of Connecticut, 1963, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171. In the Chapman case, the Court stated that when a conviction is attacked collaterally, the use of Constitutionally inadmissible evidence may be treated as harmless error, but only if the prosecution shall prove to the federal court 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' 386 U.S. at 24, 87 S.Ct. at 828.
 
 
 18
 This rule was announced in a case involving a state conviction. Certainly, no stricter rule applies to the use of evidence by a military court. See Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. Applying the Chapman doctrine here we find, as did the Court of Military Appeals, that beyond reasonable doubt the answers to interrogatories did not affect the verdict of guilty in this case. Moreover, the sentence indicates that the court gave substantial effect to the matter submitted on behalf of the petitioner in mitigation. Accordingly, the use of the answer to interrogatories as evidence, even if Constitutionally impermissible, did not constitute reversible error in the light of the entire record.
 
 
 19
 The petitioner also makes belated claims that he did not have effective assistance of counsel and that Constitutional requirements were not met in the obtaining of his confession. These contentions have not been urged before the Military Court of Appeals or any other military tribunal. Without suggesting that they have merit, we decide merely that they are not ripe for consideration by way of collateral attack in a civil court.
 
 
 20
 Finally, petitioner's counsel has ably briefed a detailed and well-documented argument to support the proposition that the military courts lack jurisdiction over such a crime as is charged in this case when the offense occurs, as it did here, while the accused soldier is on leave away from the military reservation. We considered and ruled against an indistinguishable claim of lack of military jurisdiction in Thompson v. Willingham, 3 Cir. 1963, 318 F.2d 657. We adhere to that holding.
 
 
 21
 The judgment will be affirmed.
 
 
 
 [1]
 For purposes of this appeal we assume that the use of the interrogatories was inconsistent with Pointer v. State of Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, and that Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508, permits a federal civil court to reach the merits of this issue when a military conviction is attacked by habeas corpus