**Russell R. CLANTON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

No. A–14793.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1968.

Russell R. Clanton, pro se.

Savier M. Follis, Jr., Dist. Atty., Tulsa, for respondent.

## MEMORANDUM OPINION

PER CURIAM:

This is an original proceeding in which Russell R. Clanton attacks the judgment and sentence of the District Court of Tulsa County in Case No. 22506. Petitioner has styled his petition an "appeal of a lower court decision" which was rendered on May 17, 1968, in the District Court of Tulsa County, denying a petition for a "dismissal of sentence under corpus jurisdiction law." However, since Petitioner contends that the judgment and sentence of the District Court of Tulsa County is void, we will entertain his petition as an application for a writ of habeas corpus.

Petitioner alleges that he is presently confined in the United States Penitentiary at Leavenworth, Kansas, pursuant to a sentence imposed by a federal court. The nature of that sentence and place of imposition is not disclosed. Plaintiff further alleges that after his conviction and sentence in federal district court, he appeared in the District Court for Tulsa County, State of Oklahoma, wherein the judgment and sentence now under attack were imposed against him. Petitioner attacks the judgment and sentence of Tulsa County on the grounds that (1) said judgment and sentence should have run concurrent with the sentence previously imposed by the federal court, and (2) that Oklahoma was without the jurisdiction to try him as it had relinquished jurisdiction over his person to the federal court. Apparently, Petitioner was turned over to federal officials by Oklahoma officials. After conviction in federal court Petitioner was again placed in custody of Tulsa County officials.

The record in Case No. 22506, District Court, Tulsa County, reveals that Petitioner was charged with attempted second degree burglary. He was arraigned on said charge on March 9, 1967, where he was present in open court and represented by counsel. He entered a plea of not guilty and the case was set for the April 1967 jury docket. On April 20, 1967, Petitioner's case was called and the record

reflects that "defendant present in open court and represented by counsel was advised of his rights" and thereupon he entered a plea of guilty. Petitioner was sentenced to two years in the Oklahoma State Penitentiary.

It is well established in Oklahoma that the jurisdiction of a court over the person of one physically before the court upon criminal charges is not impaired by the manner in which the accused is brought before the court. Peeples v. Page, Okl.Cr., 410 P.2d 888; Walters v. State, Okl.Cr., 403 P.2d 267; Allen v. State, Okl.Cr., 400 P.2d 463. Where a defendant pleads to the merits of a criminal action he waives all objections to the legality of his arrest. Hoskins v. State, Okl.Cr., 286 P.2d 293.

It is also apparent that the District Court of Tulsa County was without authority to impose a sentence to run concurrently with Petitioner's sentence rendered in a federal court, since such action would have involved courts with different jurisdictions and the imposition of a concurrent sentence where the prior sentence has already been imposed and partially executed. Ex parte White, 50 Okl.Cr. 163, 296 P. 756. In Re Johnson, 58 Okl.Cr. 209, 52 P.2d 107.

Furthermore, the courts are in apparent agreement that habeas corpus will not lie to test the legality of a sentence which a prisoner may be required to serve at some future date. United States ex rel. Rinaldi v. State of New Jersey, 321 F.2d 885 (3rd Cir. 1963). A person in custody on one charge is not entitled by way of habeas corpus to attack a sentence imposed for another charge until the sentence imposed on the first charge has been served. Lowther v. Maxwell, 347 F.2d 941 (6th Cir. 1965), certiorari denied 382 U.S. 881, 86 S.Ct. 172, 15 L.Ed.2d 122.

After having reviewed the petition, having examined the relevant files and records, and after having considered all relevant facts this court finds that Petitioner was duly and legally charged by information in the District Court of Tulsa County with the crime of attempted second degree burglary; that Petitioner was represented by private counsel of his own choice at the time of his preliminary hearing, at his arraignment in District Court, and at the time of sentencing; that the District Court of Tulsa County had jurisdiction over the person of Petitioner; and that the District Court of Tulsa County had jurisdiction to impose judgment and sentence upon Petitioner's plea of guilty to attempted second degree burglary.

For the foregoing reasons and upon the findings of this Court, Petitioner's application is hereby dismissed and all relief prayed for therein is denied. Writ denied.

This application was assigned to the Referee Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.