Harold LENIGER, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–14833.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Harold Leniger, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Harold Leniger, who is presently incarcerated in the Oklahoma State Penitentiary, has petitioned this court for a writ of habeas corpus alleging that his present incarceration is the result of an illegal judgment and sentence. Petitioner alleges that he was sentenced to life imprisonment in 1939 on a jury verdict finding him guilty of the crime of murder, Case No. 1600, Logan County, Oklahoma. As reasons for granting relief Petitioner alleges that a coerced confession was admitted into evidence at his trial, that he was not advised of his right to appeal, and that he should be presently serving his life sentence rather than a fifteen year sentence pronounced on his conviction for the crime of rape.

The prison records reflect that Petitioner was received on November 26, 1939, and billed in as inmate No. 40572 to serve a life sentence for murder from Logan County and that he was paroled from said sentence on May 27, 1960. Subsequently, on October 23, 1963, Petitioner was received at the penitentiary as inmate No. 69267 to serve a fifteen year sentence for first degree rape from Oklahoma County. On November 12, 1963, Petitioner was located at the penitentiary as a parole violator and his parole on the life sentence was revoked as of that date. The prison records thus reflects that when Petitioner has served his fifteen year sentence for rape which is presently calculated to be completed on January 7, 1971, he is subject to be re-billed as inmate No. 40572 to fulfill the balance of the life sentence as a parole violator.

Although a prior sentence should be completed prior to crediting of time

served on a subsequent sentence, we find no error in the records of the penitentiary at this time due to the fact that Petitioner's parole was not revoked until after he had already been received in the penitentiary under the sentence of fifteen years for rape. Thus Petitioner's present incarceration under the fifteen year sentence for rape is proper. Ex parte Adams, 93 Okl.Cr. 95, 225 P.2d 385.

■ It should be noted that Petitioner has challanged the validity of his 1939 sentence of life imprisonment for murder and not the fifteen year sentence for rape. Petitioner is not now serving time on his life sentence and this court has held that habeas corpus will not lie to test the legality of a sentence which a prisoner may be required to serve at some future date. In Clanton v. State, Okl.Cr., 446 P.2d 618, this court held:

"Furthermore, the courts are in apparent agreement that habeas corpus will not lie to test the legality of a sentence which a prisoner may be required to serve at some future date. United States ex rel. Rinaldi v. State of New Jersey, 321 F.2d 885 (3rd Cir. 1963). A person in custody on one charge is not entitled by way of habeas corpus to attack a sentence imposed for another charge until the sentence imposed on the first charge has been served. Lowther v. Maxwell, 347 F.2d 941 (6th Cir. 1965), certiorari denied 382 U.S. 881, 86 S.Ct. 172, 15 L.Ed.2d 122."

■ In addition the allegation of Petitioner that a coerced confession was admitted into evidence at his trial in 1939, raises an issue which could be adequately reviewed on appeal as it requires a review of the testimony and evidence at the trial. However, we do not find that Petitioner at this time is entitled to an appellate review of his conviction due to the fact that Petitioner was represented by counsel at the time of his conviction and was advised of his right to appeal at that time. The dis-

trict court minutes in Case No. 1600, Logan County, on November 25, 1939, when Petitioner was sentenced to life imprisonment reflect "Defendant notified of right to appeal." Furthermore, the judgment and sentence on its face after sentencing Petitioner to life imprisonment contains the notation "Thereupon the court notified the defendant of his right of an appeal to the Criminal Court of Appeals of the State of Oklahoma." We thus conclude that Petitioner is not entitled to an appeal out of time as authorized by 22 O.S.Supp. 1968, § 1073, since such an appeal can be granted only in the event that Petitioner has been denied some constitutional right regarding his right of appeal. Petitioner has alleged no such denial.

■ Also with reference to Petitioner's allegation of a coerced confession it would appear that he is attempting to secure relief under the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In Johnson v. State of New Jersey, 384 U. S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the United States Supreme Court held that the Miranda guidelines as to the admissibility of a confession or a statement were applicable only to those trials begun after June 13, 1966. Accordingly, said guidelines would not apply in consideration of Petitioner's 1939 conviction.

After a complete review of the petition and the records before this court we find that Petitioner has failed to allege sufficient facts which if true would justify the granting of a writ of habeas corpus. Therefore, the application for a writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.