## McDONALD v. HUDSPETH, Warden.
### BARNOWSKI v. SAME.
### Nos. 2073, 2074.

Circuit Court of Appeals, Tenth Circuit.
July 26, 1940.

John O. Rames, of Denver, Colo., for appellant Walter McDonald.

John F. Mueller, of Denver, Colo., for appellant Otto Barnowski.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Walter McDonald, a prisoner in the United States penitentiary at Leavenworth, Kansas, has appealed from an order denying him a writ of habeas corpus on his *unverified* petition. His petition is bot-

tomed on Amendment VI, U. S. Constitution: "the right to a speedy and public trial" and the right "to have the Assistance of Counsel for his defence." It states petitioner was held in custody from March 28, 1938, until trial on January 24, 1939, and was illegally deprived of his right to a speedy trial, and that the prosecutor and judge conspired to deprive petitioner of the writ of habeas corpus. As to the second ground the petition states: "Your petitioner was ignorant of the identity of defence counsel until day of trial, and was forced immediately to trial without a proper structure of defense, and was unlawfully denied a personal request for adequate and sufficient counsel. Trial was ordered to proceed with one George Curran defending whose status at time of adjudication as attorney of competence was in question. He was awaiting trial before the Michigan State Bar, Third Judicial Circuit, for violation of professional ethics. Your petitioner was plaintiff in said action; aforesaid relationship jeopardizing the best interests of your petitioner in U. S. District Court, because of existing animus and natural antagonism engendered between your petitioner, and said Atty. George Curran, in said action before the Mich. State Bar."

Otto Barnowski filed an identical, *unverified* petition, and he has appealed from an order denying same.

An indictment containing six counts was returned against petitioners May 4, 1938, in the Eastern District of Michigan, Southern Division, charging them with robbery of a member bank of the Federal Reserve System insured in the Federal Deposit Insurance Corporation, and with putting in jeopardy the lives of named persons in the bank by the use of dangerous weapons while committing the robbery. 12 U.S.C.A. § 588b(a) (b). On June 10, 1938, petitioners pleaded not guilty. Trial was had January 24 and 25, 1939, and they were found guilty on all counts by the jury. On January 26, 1939, they were each sentenced to 35 years imprisonment. On March 3, 1939, they were delivered to the warden of the United States penitentiary, Leavenworth, Kansas, pursuant to a commitment.

Respondent warden pleaded the indictment, arraignment and plea of not guilty, jury's verdict, sentence, and commitment and return of the marshal, certified copies of which were received in evidence in the court below. Respondent alleged that petitioners were in his legal custody by virtue thereof; that petitioners were represented by George Curran, an attorney licensed to practice in Michigan and before the United States District Court for the Eastern District of Michigan; that he represented petitioners on their arraignment; that he entered his formal appearance for petitioners January 10, 1939; that he represented them at the trial, and filed and argued a motion for new trial; that no formal effort was made to withdraw his appearance; that petitioners were not denied the right to assistance of counsel; and that petitioners were granted as speedy a trial as the government could provide, considering the rights of the public as well as the rights of petitioners.

Mr. Curran, the attorney, represented petitioners at the time of their arrest and arraignment and received $25 from McDonald and additional compensation from petitioners' relatives. He consulted the assistant United States Attorney in the fall of 1938 concerning the possibility of an early trial, and decided it was not feasible to petition for writ of habeas corpus. It appears that there was no jury during a part of the summer of 1938; that there was only one judge available for trial of criminal cases; and that there were other criminal cases to be tried, including a Securities and Exchange Act case that was begun in October and concluded December 30, 1938. Mr. Curran filed his appearance January 10, 1939, in accordance with petitioners' wishes. It is true that McDonald rose on the day of trial and told the court he had had some recent differences with Mr. Curran and desired to be represented by someone else, whereupon Mr. Curran asked to withdraw as counsel. The trial judge refused the requests and directed that they proceed to trial with counsel who had represented them from the time of their arrest ten months before.

We are unable to find anywhere in the record that the trial judge was informed of the nature of those differences or that McDonald had caused charges of unprofessional conduct to be filed against his attorney, which, it is claimed, engendered antagonism between them and prevented effective cooperation and assistance. The trial judge might well have thought that petitioners' attorney could better represent them, because of his familiarity with their case, than someone newly appointed could,

and he could not disregard the public interest and further delay the trial because of some undisclosed reason. In fact, there is nothing in the record reflecting on Mr. Curran as attorney for petitioners.

The findings of the court below that petitioners were represented by counsel and were not denied the right to the assistance of counsel are supported by the evidence.

So far as the record shows petitioners were tried as soon as the orderly conduct of the business of the court permitted, and were not denied the right to a speedy trial within the meaning of the Constitution. See, Frankel v. Wodrough, 8 Cir., 7 F.2d 796, and cases cited. It is there pointed out there is no federal statute providing for the discharge of an accused not tried within a fixed time, and that court expressed the opinion that an accused denied a speedy trial would not be entitled to discharge, his remedy being mandamus to compel trial.

Whether an agent of the Federal Bureau of Investigation told petitioners there was no evidence against them, as claimed by petitioners and denied by the agent, is immaterial in this proceeding, since such matters do not go to the jurisdiction of the trial court. Petitioners made no application to have additional witnesses subpoenaed (28 U.S.C.A. § 656), and there appears to have been no denial of compulsory process for obtaining witnesses.

Neither petitioner made oath to the facts set up in his amended petition as required by 28 U.S.C.A. § 454.

The orders denying the petitions for writs of habeas corpus are affirmed.