## McDONALD et al. v. HUDSPETH, Warden.
### Nos. 2526, 2527.

Circuit Court of Appeals, Tenth Circuit.
June 17, 1942.

Rehearing Denied Aug. 4, 1942.

See, also, 10 Cir., 113 F.2d 984.

Wm. L. Branch, of Denver, Colo., for appellants.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment containing six counts was returned against Walter McDonald and Otto Barnowski[1] in the District Court of the United States for the Eastern District

[1] Hereinafter called petitioners.

of Michigan, Southern Division, on May 4, 1938. The first count charged a violation of 12 U.S.C.A. § 588b(a). The remaining counts charged a violation of 12 U.S.C.A. § 588b(b).

Petitioners were arraigned on June 10, 1938, and each entered a plea of not guilty to the several counts of the indictment. They were tried on the indictment on January 24 and 25, 1939. Verdicts of guilty were returned against each of them on the several counts of the indictment. On January 26, 1939, each was sentenced to a term of imprisonment in a penitentiary for a period of 35 years. They were committed to the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas.

On January 13, 1941, McDonald filed an application for a writ of habeas corpus. He set up as grounds for the writ that he was arrested and held in prison 10 months and denied a hearing before a United States Commissioner; that he was deprived of his right to consult with friends and make proper preparation for his defense; that he was deprived of his constitutional right to a speedy trial, to compulsory process to obtain witnesses in his behalf, to appear as a witness in his own behalf, to have the effective assistance of qualified counsel for his defense and at the time sentence was imposed, and to appeal from the judgment of conviction; that he was not accorded a fair and impartial trial; and that the sentence imposed is excessive and void.

On April 8, 1941, Barnowski filed an application for a writ of habeas corpus setting up substantially the same grounds.

On March 22, 1941, the court issued a writ commanding the Warden to produce the body of McDonald at the Federal court room in Leavenworth, Kansas, on March 27, 1941. On March 4, 1941, the court issued a writ of habeas corpus ad testificandum in the McDonald case. On May 5, 1941, the court issued a writ of habeas corpus commanding the Warden to produce the body of Barnowski at the Federal court room in Leavenworth, Kansas, on May 9, 1941. On April 25, 1941, the court entered an order consolidating the cases for hearing and appointed attorneys to represent petitioners. The Warden filed a return to the writs in which he alleged the indictment, the pleas thereto, the verdicts, and the judgments of conviction, denied that petitioners were denied the assistance of counsel, and alleged that neither had served the admittedly legal portion of their respective sentences.

Petitioners testified at the hearing.

The evidence adduced by the Warden established these facts: On March 30, 1938, a complaint was filed against McDonald by an agent of the Federal Bureau of Investigation before the Honorable Edward J. Moinet, United States District Judge for the Eastern District of Michigan, sitting as a United States Commissioner, the United States Commissioner being absent on account of illness. Judge Moinet issued a warrant for McDonald's arrest and set the matter for hearing before the United States Commissioner on April 18, 1938. On April 5, 1938, a complaint against Barnowski was filed by an agent of the Federal Bureau of Investigation before Judge Moinet. Judge Moinet issued a warrant for Barnowski's arrest and set the matter for hearing before the United States Commissioner on April 18, 1938.

Petitioners told the agents of the Federal Bureau of Investigation of certain evidence that would establish their innocence and in order to permit an investigation thereof, the hearings before the United States Commissioner were continued on April 18 to April 25, and on April 25 to May 3, 1938. The agents made such investigation between April 25 and May 3, 1938, and determined the facts warranted submission of the matter to the grand jury. The indictment was returned on May 4, 1938, and petitioners were arraigned on June 10, 1938. Bond was fixed at $50,000 and they were remanded to custody. Pursuant to petitioners' request, George F. Curran, an attorney at law duly licensed to practice before the Supreme Court of Michigan and the District Court of the United States for the Eastern District of Michigan, appeared as counsel for petitioners at the arraignment. Pending trial, petitioners were held in custody at the detention home at Milan, Michigan.

Curran was acquainted with McDonald prior to his arrest for the offense charged in the indictment and had represented him on two prior occasions. He met Barnowski just prior to the latter's arrest on the warrant issued by Judge Moinet on the complaint filed on April 5, 1938. McDonald requested Curran to represent him on the charge laid in the indictment and informed him that he had a friend, Barnowski, who had also been arrested. Barnow-

ski called Curran from the Oakland County jail at Pontiac, Michigan, and requested Curran to represent him in a habeas corpus proceeding. After the arraignment, Curran made two trips to Milan, Michigan, where he consulted with petitioners. They requested him to endeavor to secure their discharge through a writ of habeas corpus and McDonald paid him $25 to apply on services. Curran consulted with Judge Moinet and the United States Attorney. They advised him that the court was engaged in the trial of cases that had been pending longer than the petitioners' case and that just as soon as the latter case could be reached it would be tried. They estimated that the trial would be reached in about 30 days. In view of those facts, Curran concluded that an application for a writ of habeas corpus would serve no useful purpose. McDonald filed charges with the Michigan State Bar Association growing out of Curran's failure to seek the writ of habeas corpus. The charges were later dismissed by the Bar Association. Two days before the trial, Curran consulted petitioners at the county jail. Their defense was discussed and Curran advised them that he would appear for them at the trial. They did not advise him that they did not desire him to represent them, although some feeling existed between McDonald and Curran. Judge Moinet kept notes of the trial proceedings. At the opening of the trial neither of petitioners objected to Curran representing them and neither requested that the trial be postponed to enable them to secure other counsel, nor did they request the court to appoint counsel for them. After the jury was drawn and impaneled, McDonald stated that he had had some little disagreement with his attorney. Although full opportunity was afforded, McDonald failed to state the particulars of the disagreement and did not state that he had filed charges against Curran with the Bar Association. The trial proceeded. No request was made for compulsory process for witnesses for the defense. Eight witnesses appeared for petitioners. Two appeared in response to a subpoena and six voluntarily. Curran did not call either of petitioners as witnesses in his own behalf. He was, no doubt, deterred by the long and serious criminal record of each. Curran presented the defense in an able and competent manner. No complaint was made by either of petitioners respecting their defense by Curran. Curran discussed with petitioners the question of filing a motion for a new trial and at their request, filed and argued the motion. It was denied. Barnowski paid Curran $100 to file and argue the motion for a new trial. That and the $25 paid by McDonald was the total compensation paid and received by Curran for his services. Other fees were promised, but never paid. Curran discussed the question of an appeal with petitioners. Barnowski agreed to raise the funds for the appeal from his friends and relatives. The funds not being forthcoming, the appeal was abandoned. The court records in the criminal case show that petitioners were represented by counsel at the time sentence was imposed, and that the court inquired whether they had anything to say why sentence should not be imposed on them, and neither made any response.

There is nothing in the record to indicate that petitioners did not receive a fair and impartial trial.

During his detention at Milan, Barnowski was allowed visitors regularly from April 10, 1938, to February 12, 1939. He was visited 40 times by his mother, two brothers, and an attorney. Curran visited him on two occasions. During his detention at Milan, McDonald was visited on three occasions by attorneys, once by George S. Fitzgerald and twice by Curran

During their confinement at Leavenworth, they have been accorded the privileges of a prisoner under maximum custody, including the ordinary privileges of receiving and sending mail, and were in nowise hampered in preparing their application and proof in the habeas corpus proceeding. They had the assistance of counsel appointed by the court in the habeas corpus proceeding.

The trial of petitioners on the indictment came on for hearing in regular course. The delay was wholly due to the congested docket. They made no formal application to the court for advancement of their case or an early trial.

From an order discharging the writs, petitioners have appealed.

■ The trial court found that petitioners were represented by Mr. Curran, competent counsel of their own choice, and that they were not denied the assistance of competent counsel for their defense; that McDonald did not state to Judge Moinet the nature of his disagreement with Curran, did not ask for a continuance, and

did not request that another counsel be appointed; that Judge Moinet gave McDonald full opportunity to state the nature of his disagreement, but that the only statement made was that McDonald had had some disagreement with Curran; that no request was made by petitioners or their counsel for process for witnesses; that at no time during the trial did petitioners make any complaint to the court respecting the conduct of their defense by Curran; that McDonald did not state to Judge Moinet that he had filed charges against Curran with the Michigan State Bar Association; that petitioners were each afforded a fair and impartial trial; and that considering the volume of business in the District Court of the United States for the Eastern District of Michigan they were not denied the right to a speedy trial. These findings are fully supported by the evidence.

The contention that because there was no preliminary hearing petitioners were deprived of their constitutional guaranty to be confronted with the witnesses against them is wholly without merit.[2]

The first count of the indictment charged a violation of 12 U.S.C.A. § 588b(a). The second count charged that petitioners in committing the offense defined in 12 U.S. C.A. § 588b(a) put in jeopardy the life of Howard C. Knickerbocker by the use of a dangerous weapon. The remaining counts were substantially like count two, except each charged that the life of a distinct person was put in jeopardy.

Where the same transaction constitutes a violation of two distinct statutory provisions, the test to be applied in determining whether there are two offenses, is whether each requires proof of a fact which the other does not.[3]

Here, in order to establish the charge in count two, it was necessary to prove that the life of a particular person not named in counts three, four, five, and six was put in jeopardy. Likewise, as to counts three, four, five, and six, it was necessary to prove that the life of a distinct person named in each count was put in jeopardy. Hence, each count required proof of a fact which the other counts did

not. We conclude that each charged a separate and distinct offense, and that the sentence imposed was not excessive.

The failure of petitioners' counsel to perfect the appeal is not ground for discharge on habeas corpus. An appeal is not a necessary element of due process and it is not incumbent upon the trial court to see that defendant's counsel perfects an appeal.[4]

The judgment is affirmed.

[2] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 731; Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343.

[3] Chrysler v. Zerbst, 10 Cir., 81 F.2d 975, 976; McGinley v. Hudspeth, 10 Cir., 120 F.2d 523, 525; Morgan v. Devine, 237 U.S. 632, 640, 35 S.Ct. 712, 59 L.Ed. 1153.

[4] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732; De Maurez v. Swope, 9 Cir., 104 F.2d 758, 759.