## McDONALD v. JOHNSTON, Warden.

### No. 24885-S.

District Court, N. D. California, S. D.

Sept. 20, 1945.

Wayne M. Collins, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner seeks release from the United States Penitentiary at Alcatraz upon the ground that he was denied his constitutional right of assistance of counsel at the time of his trial upon the charge for which he is imprisoned.

Petitioner with another defendant was indicted in the District Court of the United States for the Eastern District of Michigan, Southern Division, charged with violation of 12 U.S.C.A. § 588b(a) and (b). Each was found guilty and was sentenced on January 26, 1939, to a term of imprisonment of 35 years.

Undisputed facts show that at the trial, after the jury had been impaneled, petitioner stated to the court that he had had a disagreement with his attorney. The court did not inquire into the nature of the disagreement. The facts further show that prior to the trial petitioner had filed a complaint with the State Bar of Michigan alleging that his attorney was guilty of violation of professional ethics. This complaint was thereafter heard on March 10, 1939 and dismissed.

Petitioner contends that his case is governed by Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

Respondent in moving to dismiss contends that petitioner knew of this point, which he now raises for the first time, when he filed his petition, No. 23414-S which was denied by this Court on August 29, 1944 (affirmed 9 Cir., 149 F.2d 768), and that he is therefore barred from asserting the point under Swihart v. Johnston, 150 F.2d 721, decided by the Ninth Circuit Court of Appeals on August 6, 1945. Respondent also urges that the very point petitioner now raises, namely, that he was denied assistance of counsel, was decided adversely to him in 113 F.2d 984, and 129 F.2d 196, and that this Court should follow the ruling of the Tenth Circuit Court.

In the Glasser case, supra, Glasser, a former Assistant United States Attorney, was found guilty of conspiracy to defraud the United States and appealed. At the time of trial Glasser's counsel was appointed by the court to represent one of the co-defendants. Glasser objected to the appointment of his attorney to represent a co-defendant, but the appointment was made and the trial had. The Supreme Court said, 315 U.S. at page 70, 62 S.Ct. at page 464, 86 L.Ed. 680: " * * * we have held that the right to the assistance of counsel is so fundamental that the denial by a state court of a reasonable time to allow the selection of counsel of one's own choosing, and the failure of that court to make an effective appointment of counsel, may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Four-

teenth Amendment, Powell v. [State of] Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527, so are we clear that the 'Assistance of Counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to the assistance of counsel means less than this, a valued constitutional safeguard is substantially impaired. * * * We are told that, since Glasser was an experienced attorney, he tacitly acquiesced in Stewart's appointment because he failed to renew vigorously his objection at the instant the appointment was made. The fact that Glasser is an attorney is, of course, immaterial to a consideration of his right to the protection of the Sixth Amendment. His professional experience may be a factor in determining whether he actually waived his right to the assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357. But it is by no means conclusive. Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused. * * * No such concern on the part of the trial court for the basic rights of Glasser is disclosed by the record before us. * * * The court made no effort to reascertain Glasser's attitude or wishes. Under these circumstances, to hold that Glasser freely, albeit tacitly, acquiesced in the appointment of Stewart is to do violence to reality and to condone a dangerous laxity on the part of the trial court in the discharge of its duty to preserve the fundamental rights of an accused." The conviction of Glasser was set aside and he was remanded to the trial court for a new trial.

■ The language of the Swihart case, supra, relied on by respondent, is to the effect that if facts are known to the petitioner and they are not alleged in his first petition he should not be allowed to file another petition based upon the same matters, for "to reserve them for use in a later proceeding 'was to make an abusive use of the writ of habeas corpus.'" The Court further said: "Each petition is to be disposed of in the exercise of a sound judicial discretion guided and controlled by whatever has a rational bearing on the propriety of the discharge sought. One of the matters which may be considered and given control-

ling weight is a prior refusal to discharge on a like petition." The rule stated may be invoked where there is a repetitious filing, but if the point raised by the petitioner is one which affects his substantial legal rights, although known and not urged in a prior petition, the trial court should take judicial cognizance of it.

As we have seen, the point of assistance of counsel has not been heretofore raised in this court by petitioner. And respondent points out that in McDonald v. Hudspeth, 113 F.2d 984, and in McDonald v. Hudspeth, 129 F.2d 196, the Circuit Court of Appeals for the Tenth Circuit decided that petitioner did have assistance of counsel. The first case was decided before the Supreme Court's decision in the Glasser case. The second case was decided after, but there is no reference to it in the decision of the Circuit court. It is probable that the attention of the Circuit court was not called to the Glasser case or its decision would have been otherwise.

■ Here we have a layman charged with a serious crime who informs the court that he has had differences with his attorney. No inquiry is made by the court into the nature or seriousness of the differences, or whether or how these differences might affect the defense offered in behalf of the defendant. It seems clear that this case comes squarely within the holding in the Glasser case: "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused. * * * No such concern on the part of the trial court for the basic rights of [McDonald] Glasser is disclosed by the record before us."

■ Applying the ruling in the Glasser case to the facts presented here, I feel constrained to hold that petitioner was denied his constitutional right to assistance of counsel. If the "requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus." Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.L.R. 357.

In conformity with the rule mentioned in Re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149, the discharge of the petitioner will be delayed and he will be remanded

to the United States District Court for the Eastern District of Michigan, Southern Division, for further action by that Court. The motion to dismiss will be denied.