JOHNSTON, Warden, v. McDONALD.

McDONALD v. JOHNSTON, Warden.

No. 11210.

Circuit Court of Appeals, Ninth Circuit.

Aug. 30, 1946.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellant Johnston.

Wayne M. Collins, of San Francisco, Cal., for appellant McDonald.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Eastern District of Michigan, hereafter called the Michigan court, Walter McDonald and Otto Barnowski were indicted in six counts. Count 1 charged a violation of 12 U.S.C.A. § 588b(a). The other counts charged violations of 12 U.S.C.A. § 588b(b). Both defendants were tried and found guilty on all counts of the indictment. Thereupon, on January 26, 1939, the Michigan court entered a judgment sentencing each defendant to be imprisoned for 35 years. From that judgment no appeal was taken.

The United States penitentiary at Leavenworth, Kansas, was designated as the place where McDonald's sentence should be served. While there confined, he filed in the District Court of the United States for the District of Kansas, hereafter called the Kansas court, a petition for a writ of habeas corpus. The Kansas court entered a judgment denying the petition. That judgment was affirmed on July 26, 1940.[1] Certiorari to review its affirmance was denied on October 21, 1940.[2]

On January 13, 1941, McDonald filed in the Kansas court a second petition for a writ of habeas corpus. The Kansas court issued the writ, but, after a hearing, entered a judgment discharging it. That judgment was affirmed on June 13, 1942.[3] Certiorari to review its affirmance was denied on October 19, 1942.[4]

On May 15, 1943, McDonald was transferred to the United States penitentiary at Alcatraz, California. On October 21, 1943, the Michigan court vacated its judgment of January 26, 1939, and entered a judgment sentencing McDonald to be imprisoned for 25 years. The judgment of October 21, 1943, was affirmed on January 10, 1944.[5] Certiorari to review its affirmance was denied on April 24, 1944.[6]

On June 12, 1944, McDonald filed in the District Court of the United States for the Northern District of California, hereafter called the California court, a third petition for a writ of habeas corpus. The California court entered a judgment denying the petition. That judgment was affirmed on April 2, 1945.[7]

On June 13, 1945, McDonald filed in the

[1] McDonald v. Hudspeth, 10 Cir., 113 F.2d 984.

[2] McDonald v. Hudspeth, 311 U.S. 683, 61 S.Ct. 64, 85 L.Ed. 441.

[3] McDonald v. Hudspeth, 10 Cir., 129 F.2d 196.

[4] McDonald v. Hudspeth, 317 U.S. 665, 63 S.Ct. 75, 87 L.Ed. 535.

[5] McDonald v. Moinet, 6 Cir., 139 F. 2d 939.

[6] McDonald v. United States, 322 U.S. 730, 64 S.Ct. 942, 88 L.Ed. 1565.

[7] McDonald v. Johnston, 9 Cir., 149 F. 2d 768.

California court a fourth petition for a writ of habeas corpus. The California court ordered James A. Johnston, warden of the penitentiary at Alcatraz, to show cause why the writ should not be issued. Johnston filed a return, McDonald filed a traverse, and the California court, without issuing any writ or taking any evidence, filed an opinion[8] and thereupon entered judgment as follows: "That [McDonald] be and he is hereby remanded to the custody of the United States marshal for the Northern District of California, to be returned to [the Michigan court] for further proceedings on the said indictment."[9] From that judgment both parties have appealed.

In this (his fourth) habeas corpus proceeding, McDonald petitioned for the writ on the ground that his sentence was void because, at his (and Barnowski's) trial, he was denied the assistance of counsel for his defense. Attached to and made part of the petition were copies of three depositions —a deposition of District Judge Edward J. Moinet, who presided at the trial, a deposition of Assistant United States Attorney John W. Babcock, who prosecuted McDonald and Barnowski, and a deposition of Attorney George F. Curran, who defended them.[10] Instead of showing that McDonald was denied the assistance of counsel for his defense, the depositions (which were part of the petition) showed that there was no such denial. Thus it appeared from the petition itself that McDonald was not entitled to the writ.[11] Hence the petition should have been denied.[12]

McDonald relies on Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. There the trial court, over Glasser's objection, appointed an attorney whom Glasser had employed for himself as attorney for Glasser's codefendant, whose interests conflicted with those of Glasser.

In the case at bar, Attorney Curran was employed by both defendants (McDonald and Barnowski). No attorney was appointed for either of them. It was not claimed or suggested that their interests conflicted. Hence the Glasser case has no relevancy here.

Judgment reversed and case remanded with directions to enter judgment denying the petition.

---

[8] McDonald v. Johnston, D.C.N.D.Cal., 62 F.Supp. 830.

[9] Cf. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Copeland v. Archer, 9 Cir., 50 F.2d 836; Wilfong v. Johnston, 9 Cir., 156 F.2d 507.

[10] The depositions were taken in McDonald's second habeas corpus proceeding—the one he commenced on January 13, 1941. The facts shown by the depositions were summarized in McDonald v. Hudspeth, 10 Cir., 129 F.2d 196.

[11] See 28 U.S.C.A. § 455.

[12] Frank v. Mangum, 237 U.S. 309, 332, 35 S.Ct. 582, 59 L.Ed. 969; Erickson v. Hodges, 9 Cir., 179 F. 177; Albori v. United States, 9 Cir., 67 F.2d 4; Brown v. Johnston, 9 Cir., 91 F.2d 370; McKee v. Johnston, 9 Cir., 109 F.2d 273; Ex parte Zimmerman, 9 Cir., 132 F.2d 442.