Jimmy Delano **FINCH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39119.

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

Rehearing Denied March 16, 1966.

------◆------

King C. Haynie (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Edward B. McDonough, Jr., and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The state's evidence shows that the prosecuting witness, J. K. Witt, owned and operated a business known as the W. W. Sales Company, located at 4813 North Shepherd in the city of Houston. The witness Joe Goodner, who was employed by Witt at the business, lived in an apartment just across the street.

On the night in question, the witness Ronald Robert Sherman, a boy fifteen years of age, came to Goodner's apartment around 9 o'clock and asked if his (the witness's) aunt was there. When Goodner stated that he did not know her, Sherman left and went across the street to the vicinity of the Sales Company. After observing the boy walking around the building, Goodner went across the street to check the building and found everything intact. He then returned to his apartment and, some ten minutes later, observed a light-colored automobile "circling" the block and pass by the building four or five times. He returned to the building and when he went to the rear he observed that the back door to the building was open. He then went inside and found the boy, Sherman, inside the building. Soon thereafter, Officer McKinney arrived upon the scene and it was then observed that the latch to the back door had been pried off and a tire tool was lying on the ground near the door. A desk drawer in the building was discovered to be open and a .22 calibre pistol was missing. Several tools which had been in the building were found outside on the driveway.

While Officer McKinney and Goodner were checking the building, a white Dodge automobile was seen driving north on Shepherd and the officer's attention was directed to the vehicle. He thereupon pursued the vehicle and brought it to a halt some five blocks from the building. Appellant was driving the automobile and was directed by the officer to return to the Sales Company building. After appellant returned to the scene, Officer McKinney proceeded to search the automobile and found a .22 calibre revolver on the front floorboard on the driver's side of the vehicle.

The pistol was positively identified by the witnesses Witt and Goodner as the one missing from the desk drawer.

The young boy, Ronald Sherman, upon being called as a witness by the state, testified that he entered the building on the night in question at the instance and request of appellant. He stated that appellant asked him to go in the place and steal some money and that he gained entry into the building by knocking the lock off the door with a tire tool which came from appellant's automobile. He related that he first went inside, got the pistol, and took it outside and gave it to appellant, who instructed him to go back and get some tools.

Proof was offered that neither Witt, the owner of the business, nor his employee, Goodner, gave appellant or his companion, Sherman, permission to enter the building and take any property therefrom.

The two prior convictions alleged for enhancement were stipulated.

Appellant did not testify or offer any evidence.

■ The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals. The jury was also instructed that the witness Sherman was an accomplice, and fully charged relative to the corroboration necessary to convict upon accomplice testimony.

The evidence is sufficient to sustain the judgment of conviction.

■ By bill of exception #1, appellant complains of the court's refusal to grant his oral motion for a continuance to give him time to employ other counsel to represent him at the trial and to subpoena witnesses in his behalf. It is insisted that such action by the court required appellant to be represented by counsel not of his own choice and constituted a denial to him of due process of law.

The bill of exception and record show that appellant was represented at the trial by Honorable Jack Miles, a duly licensed attorney of this state who had been retained by appellant in the case. While the jury panel was being questioned on voir dire, appellant informed the court: "I would like to have the opportunity to change lawyers. I do not feel that this man in qualified, and I do not feel I am able to go all the way through the trial myself without some other lawyers." Appellant further stated to the court that certain witnesses whom he had requested his attorney to "get" were not present. Attorney Miles then informed the court that no request had been made of him by appellant to obtain the witnesses and that in his opinion the witnesses who could be called were not material.

In denying appellant's motion for a continuance and request that his attorney be discharged, the trial court certified appellant's counsel "to be a competent attorney" who "represents people charged with serious crimes in this court."

We perceive no reversible error in the bill.

The motion for continuance was not in writing and sworn to, as required by Article 540 and 545 of the Code of Criminal Procedure of 1925, at the time the case was tried. Crenshaw v. State, Tex.Cr.App., 389 S.W.2d 676.

There is no showing that appellant was represented by incompetent counsel but, to the contrary, the record shows that he was adequately represented.

We do not agree that the court's refusal to grant appellant's motion for continuance to obtain other counsel constituted a denial of due process.

In Lee v. United States, 98 U.S.App.D. C. 272, 235 F.2d 219, cited by appellant, the court, in reversing a conviction because of the error of the trial court in appointing counsel for an accused whom he had just discharged, pointed out that the accused's "right to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same."

MacKenna v. Ellis, 263 F.2d 35, 5th Cir., is not here applicable under the facts, as the conviction in that case was ultimately reversed because of a combination of circumstances, including the lack of effective assistance of court-appointed counsel. MacKenna v. Ellis, 280 F.2d 592, 5th Cir., modified in 289 F.2d 928, cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78.

McDonald v. Johnson, D.C., 62 F.Supp. 830, cited by appellant, was reversed in 9

Cir., 157 F.2d 275, cert. denied, 329 U.S. 795, 67 S.Ct. 480, 91 L.Ed. 680, and is not authority in support of his contention.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.