**James E. TESTERMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 68-C-94-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Feb. 13, 1969.

Thomas B. Mason, U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

On April 17, 1942, the petitioner, James Edward Testerman, and a co-defendant were jointly tried in the District Court, Western District of Virginia, for the fatal shooting of an F.B.I. agent. The jury found both defendants guilty of first degree murder, and each was sentenced to life imprisonment. Petitioner is presently serving that sentence in the Federal Penitentiary. The petitioner now challenges that conviction by petitioning this court for a writ of habeas corpus in forma pauperis. The petitioner alleges that:

(1) There was an unnecessary delay in affording him counsel.

(2) He was not afforded an opportunity to cross-examine his accuser.

Petitioner in his first allegation states that he was not afforded counsel until three days before he was tried on April 17, 1942. Petitioner alleges that because of this delay in receiving counsel, petitioner made incriminating statements, or a confession, to the investigating officers and further alleges that these statements were later used in his trial to obtain a conviction. Petitioner refers the court to Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932) as authority for his allegation. In Powell v. Alabama, the defendant therein was charged with rape, and no specific counsel had been appointed for defendant before the morning of his trial. The United States Supreme Court held that the defendant was denied his right to be adequately represented by counsel. But *Powell* has no relevance to the case at bar. Although petitioner in the instant case has delayed until such time as all counsel in his original trial have died, his allegation is shown by the record to be false. The record contains an order and letter by Judge A. D. Barksdale clearly proving that counsel was appointed for petitioner and that counsel accepted such appointment on March 25, 1942, more than three weeks (rather than three

days) before the trial. Petitioner's recollection is clearly wrong, and the court is of the opinion that there was not an unnecessary delay in appointing counsel.

The present requirements as to the stage when counsel must be appointed for an indigent defendant as set forth in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). In 1942 when petitioner was tried, it was necessary only that counsel be appointed in sufficient time to afford a defendant competent representation. Powell v. Alabama, supra. The court is of the opinion that the record clearly shows that petitioner was afforded counsel in sufficient time to adequately prepare his defense. Petitioner does not allege that the performance of his counsel after appointment was inadequate, and the record indicates that any such contention would be untenable.

■ Petitioner also contends that he and his co-defendant made confessions before they were supplied with counsel, and that both confessions were admitted at trial. Petitioner says that the admission of his own confession was unconstitutional because he was not afforded counsel until three days prior to the trial. This allegation is clearly erroneous as above shown. Petitioner also contends that the admission in evidence of the confession of his co-defendant was a violation of petitioner's constitutional rights because his co-defendant did not take the stand, thereby denying petitioner his right to cross-examine his accuser. Petitioner has not shown that any confessions were introduced in evidence. Petitioner's trial was held prior to the appointment of court reporters in this court, and therefore, no transcript of the trial was made. However, the existing record strongly indicates that no confessions were introduced. Both defendants pleaded not guilty and were tried by jury. There is no motion by petitioner's counsel in the record to suppress any confessions. The record does contain a copy of Judge Barksdale's extensive comments to the jury on the law and the evidence but nowhere in the ten pages of comments is there any reference to any confession. If there were confessions in evidence, it is difficult to believe that the trial judge would have omitted reference to them in his remarks to the jury. Furthermore, petitioner filed a motion to vacate judgment on June 5, 1944, while counsel were still living. Petitioner alleged several grounds in that motion for vacating the judgment, but nowhere did he mention any coerced confessions.

The court is of the opinion that the record establishes without a doubt that petitioner received competent and timely representation by counsel of record and that his conviction was not obtained by the use of any inadmissible confessions. Petitioner has apparently waited so long to file his allegations that he has forgotten the circumstances of his trial.

The court finds that the allegations of petitioner are spurious and without merit and that petitioner received a fair and impartial trial conducted in a manner to insure petitioner due process of law. The absence of conflict in the record and the death of all counsel who could testify renders a further hearing in this matter both unnecessary and unavailing.

For the above reasons, it is adjudged and ordered that the relief requested should be and hereby is denied, and the petition is hereby dismissed.

The clerk of this court is directed to send a copy of this opinion and judgment to the petitioner and to the respondent.