Charles B. PATRICK, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 70 C 63(1).

United States District Court, E. D. Missouri, E. D.

March 19, 1970.

Charles B. Patrick, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM OPINION

HARPER, Chief Judge.

Petitioner, presently confined in the United States Penitentiary at Levenworth, Kansas, has filed a motion to vacate and set aside his sentence pursuant to 28 U.S.C.A. § 2255, and an affidavit and motion for leave to proceed in forma pauperis, all of which are presently before the court. Leave to proceed in forma pauperis granted.

The petitioner, with retained counsel, entered a plea of not guilty to charges of violation of the Federal Narcotics Laws. Trial was held on July 28 and 29, 1958, and the jury returned a verdict of guilty on Counts One and Two. Petitioner was sentenced on September 4, 1958, to twenty years' imprisonment on each count, the sentences to run concurrently. No appeal from the conviction was taken.

Thereafter, petitioner filed a motion under 28 U.S.C.A. § 2255 on July 22,

1960, alleging thirty-two grounds in support. The motion was overruled on September 14, 1960. Petitioner filed a notice of appeal and a motion to appeal in forma pauperis and the motion to appeal in forma pauperis was denied on November 7, 1960. On March 27, 1961, the Eighth Circuit Court of Appeals dismissed the appeal as being frivolous (285 F.2d 430, cert. den. 365 U.S. 853, 81 S.Ct. 820, 5 L.Ed.2d 817).

Petitioner filed a second motion to vacate and set aside his sentence under 28 U.S.C.A. § 2255 on June 19, 1961, and the same was denied on July 17, 1961. On September 14, 1961, this court denied petitioner's application to appeal in forma pauperis from the order entered July 17, 1961. On October 23, 1961, the United States Court of Appeals for the Eighth Circuit denied petitioner leave to appeal in forma pauperis for the reason that the appeal would be frivolous.

In support of his third motion under 28 U.S.C.A. § 2255, petitioner states that his sentence is void for the reason that he was denied the effective assistance of counsel in that his attorneys failed to prosecute an appeal from his conviction and failed to inform petitioner of his right to appeal as a poor person.

Although petitioner has challenged the effectiveness of the assistance of his retained counsel in his first motion under 28 U.S.C.A. § 2255, he has not previously raised the question of denial of his right to appeal.

■ Petitioner has asserted two reasons for the ineffectiveness of his counsel. The first, that counsel did not appeal, is without merit. Petitioner does not allege that he requested or directed his attorneys to appeal his conviction. He does not allege that counsel refused or neglected to appeal his conviction contrary to his instructions. Nor does petitioner allege that he was ignorant of the process of appeal. In fact, petitioner states that in his presence the court asked petitioner's counsel if an appeal would be taken. Counsel

is not required to file a notice of appeal in every case of criminal conviction. The mere fact that petitioner's retained attorneys did not appeal is not, per se, sufficient showing of ineffectiveness of counsel or denial of petitioner's right to appeal as to justify the relief sought.

Petitioner's second reason for the ineffectiveness of counsel is more serious. Petitioner has also alleged that his attorneys did not inform him of his right to appeal as a poor person, and that he did not otherwise know that he could appeal as a poor person. However, the records and files in this case indicate that even if petitioner was not advised by counsel of his right to appeal in forma pauperis, petitioner was otherwise aware of his right to do so.

On November 5, 1958, petitioner filed a petition in forma pauperis requesting a complete transcript. Citing 28 U.S.C.A. 1915 and cases, the motion states:

"* * * a poor person can apply for his transcript from the Honorable Court Reporter without cost to the Petitioner upon request * * * and can appeal his case on Forma Pauperis after he has received same."

This court overruled the motion. Petitioner filed a similar motion with the Eighth Circuit Court of Appeals in March, 1959. Thereafter, in 1960 and 1961, petitioner filed two motions under 2255 and in neither did he allege that he was denied his right to appeal because he was unaware of his right to appeal in forma pauperis.

■ Over eleven years have elapsed since petitioner's statement that he had a right to appeal in forma pauperis. While 28 U.S.C.A. § 2255 provides that a motion to vacate and set aside a sentence can be made "at any time", some showing is required as to why petitioner failed to urge the asserted basis for the 2255 motion in his previous applications. Moore v. United States, 108 U.S.App. D.C. 14, 278 F.2d 459 (1960); Landry v. United States, 401 F.2d 149 (5th Cir. 1968); LaClair v. United States, 241 F.Supp. 819 (N.D.Ind.1965).

Petitioner is not required to state the nature of the points which he would raise on appeal, that the appeal would not be frivolous, or indeed, that he would appeal in order that relief be granted under 28 U.S.C.A. § 2255. Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); and see, Williams v. United States, 402 F.2d 548 (8th Cir. 1968). But in this case, petitioner has not shown any reason for not presenting his claim to the court earlier, and the record clearly shows that he was aware of his right eleven years and two 2255 motions ago. Section 2255 does not grant an absolute right to an evidentiary hearing on a motion. See, Taylor v. United States, 282 F.2d 16, 20 (8th Cir. 1960); United States v. Hill, 319 F.2d 653 (6th Cir. 1963); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Petitioner's allegations, if true, would entitle him to the relief sought. However, the records of the case contradict petitioner's allegations and petitioner has not accounted for the conflict in any way.

It is ordered that petitioner's motion will and it is hereby dismissed.