**James Edward TESTERMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 71-C-174-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 14, 1972.

James Edward Testerman, pro se.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for respondent.

1. In fact, the court appointed Mr. Warren to represent petitioner and Mr. Parks to represent petitioner's co-defendant. Petitioner obviously considers himself to have been represented by both of these attorneys and, as it makes no difference for the purpose of this opinion, the court will also consider petitioner to have been represented by both attorneys.

## MEMORANDUM OPINION AND ORDER

WIDENER, District Judge.

Petitioner, a United States prisoner confined at the federal penitentiary in Leavenworth, Kansas, seeks relief by way of motion to vacate sentence pursuant to the provisions of 28 U.S.C. § 2255.

Petitioner was charged with murdering an FBI agent. On April 15, 1942, in this court, he pleaded not guilty to that charge. A two-day jury trial followed, but no transcript of the trial is available, the nearest substitute being a summary of the evidence by the trial judge which is found in the original court file with the jury charge. On April 17, 1942, the jury returned a verdict of guilty of murder in the first degree without capital punishment, and petitioner was sentenced to life imprisonment. Testerman's conviction was not appealed. Petitioner was represented at his arraignment and trial by two very able and experienced attorneys, George M. Warren, Sr., Esquire, and Fred C. Parks, Esquire, both of whom are now deceased.[1] Mr. Warren was admitted to practice in the state courts of Virginia in 1909, in the state courts of Tennessee in 1912, and in this court in 1914. Mr. Parks was admitted to practice in the state courts of Virginia in 1920 and in this court in 1921. Both of these attorneys were appointed by the trial judge on March 25, 1942, approximately three weeks before the arraignment.

The following is an excerpt from the order book of this court filed April 8, 1968 as an attachment to the Memorial for Mr. Parks at the Bar of this court on that day, he having died in February, 1968.

"Then came the finest moment I have seen in the courtroom.

"Judge Barksdale asked the defending attorneys, Mr. Parks and Mr. Warren, to approach the bench. With a show of emotion, he said their research in the case, and presentation, was the finest in his legal experience. He thanked them for their example to the legal profession, and for their contribution to the federal contention that there must be full justice in the courts."

This is not an afterthought, but the report of a news reporter who was present at the trial of Testerman and whose impressions were recorded in the records of this court prior to the filing of the present petition.

Petitioner alleges that he was denied his right to appeal his conviction. In his motion to vacate sentence, petitioner sets out the following:

"Now, it is submitted that the trial court did not have an obligation to inform the petitioner of his right to take an appeal. However, the petitioner did have that right and, if he was *unaware* of that right, then it cannot be deemed a waiver of the right to take an appeal. Johnson v. Zerbst, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938). It is submitted that petitioner's appointed counsel had an obligation to inform him of his right ot [sic] take an appeal but this he did not do." [Emphasis petitioner's]

After receiving a copy of the respondent's motion to dismiss, petitioner submitted to this court a reply to the government's memorandum of law. In his reply, petitioner's position is substantially changed [2] and his unawareness of his right to appeal is seriously cast in doubt. For in the reply he states:

"First, the petitioner claims he was deprived of his right to take an appeal from the judgment and sentence of his conviction because he was *not* made aware of that right following his trial in the criminal case. Now that is *not* to say that he *did not* indicate to his attorneys that he desired to take an appeal, in fact, petitioner asserts that he *did* ask his attorneys to perfect an appeal from his conviction, and the mere fact that no appeal was perfected does not now preclude him from doing so where he did not intentionally *waive* that right because of his unawareness in the matter some thirty (30) years past [Citation omitted]." [Emphasis petitioner's]

Petitioner is not entitled to relief. In Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), the court held that the Sixth Amendment requires that an indigent criminal defendant be advised by his attorney of his right to appeal, the manner of appeal, and the time in which to appeal, unless the trial court so advises the defendant. In Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4th Cir. 1971), the court, sitting en banc, specifically held that *Nelson* has prospective application only and that an attorney's failure to inform his client of the right to appeal is not a ground for relief for those petitioners whose time for instituting an appeal expired on or before June 25, 1969, the date of the *Nelson* decision.

Many of the reasons stated in *Shiflett* for holding that *Nelson* should be given prospective application only are particularly applicable to the case under consideration. *Shiflett* recognized that the retroactive application of *Nelson* would be of little assistance to many petitioners, ". . . for in many cases, an appeal would not now be possible, due to the unavailability of a transcript and the inability of the parties to devise an acceptable substitute." *Shiflett* at 57. But see *Turner,* infra, 412 F.2d p. 490 as to a remedy. Testerman was tried in

---

2. Petitioner was obviously unware, at the time he filed his petition, of the prospective effect of *Nelson*, infra, as construed by *Shiflett*, infra, in this circuit. In his reply, having been educated by the answer of the United States, he has changed his story to make his case rest solely on a purported conversation with his attorneys which he has kept secret for thirty years.

April, 1942, thirty years ago. Both of the attorneys who represented Testerman, the United States Attorney who prosecuted the case, and the Clerk of the Court who was present during the proceedings are all now dead. No transcript of the trial is available. Beginning in November, 1945 and continuing until January, 1970, petitioner has repeatedly requested the Clerk's office to send him a copy of the trial transcript. In response to these requests, the Clerk's office has made exhaustive inquiries as to whether or not the case was reported, has contacted numerous persons who might have reported the case, and remains unable, after its diligent search, to locate any transcript or any person who transcribed the case.

*Shiflett* also recognized that similar difficulties, such as the disappearance or destruction of critical evidence and the death or failing memories of essential witnesses, would attend the retrial of any petitioner who surmounted the problems of preparing a belated appeal and who was successful in his appeal. *Shiflett,* 447 F.2d at 57. In this case, if *Nelson* were retroactive, if Testerman were able to prepare an appeal, and if he were successful, any attempt to retry him would almost certainly be futile due to the difficulties attributable to the lapse of time.

■ In holding that *Nelson* has prospective application only, the *Shiflett* court noted that *Nelson* imposed a new duty on counsel and that

". . . generally . . . [performance of counsel] is measured by the range of competence expected of a lawyer at the time he performed the services. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747." *Shiflett* at 57.

This court is unaware of any requirement, which existed in 1942, that would have made it incumbent upon petitioner's counsel to inform petitioner of his right to appeal. As examples of the obligations of counsel with respect to the right of appeal in the late thirties and early forties, see Lovvorn v. Johnston, 118 F.2d 704 (9th Cir. 1941), cert. den. 314 U.S. 607, 62 S.Ct. 92, 86 L.Ed. 488 (1941); McDonald v. Hudspeth, 129 F. 2d 196 (10th Cir. 1942), cert. den. 317 U.S. 665, 63 S.Ct. 75, 87 L.Ed. 535 (1942), reh'r den. 317 U.S. 709, 63 S.Ct. 157, 87 L.Ed. 565 (1942). See also *Shiflett,* 447 F.2d at 55–58.

■ *Shiflett,* however, indicates that a pre-*Nelson* defendant, whether or not advised of his right to appeal, can still obtain relief if he directed his attorney to institute an appeal and if his attorney failed to do so. *Shiflett* at 55. *Nelson* also suggests that, under the pre-*Nelson* rule, the defendant's indication of his desire to appeal might have imposed a duty upon counsel to fully advise the defendant of the right to appeal. *Nelson,* 415 F.2d at 1156; Turner v. State of North Carolina, 412 F.2d 486, 489 (4th Cir. 1969). As indicated above, Testerman did not take the position that he had notified his attorneys that he wanted to appeal until after he had received a copy of the government's memorandum, which cites *Shiflett* and *Nelson.* In addition, Testerman gives no reason for waiting thirty years after trial, and after the death of all counsel,[3] before asserting this ground. If Testerman did ask his counsel to appeal back in 1942, he obviously knew of the appellate process at that time. Some showing is required as to why Testerman has not presented this claim in thirty years. Patrick v. United States, 310 F.Supp. 1267, 1268 (E.D.Mo.1970). In particular, Testerman should be held to such a requirement since he has twice before

3. Petitioner well knew, at the time he filed his present petition, that counsel involved in this trial were then dead, he having been informed of this in Testerman v. United States, 296 F.Supp. 287 (W.D.Va.1969). Nevertheless, in his present motion, he stated that he did not know the addresses of the attorneys who represented him, thus inferring that they were living.

filed motions to vacate his sentence in this court, although in his present motion he unequivocally, and under oath, states that he has never before filed any such motion in this or any other court. In fact, when Testerman filed one of those motions, he requested the court by letter to appoint George M. Warren, Sr., Esquire, one of the two attorneys who represented him at his trial, to assist him in prosecuting his motion to vacate, a strange position for one who has been given ineffective assistance by the same attorney. Furthermore, one of the asserted grounds for relief in one of his previous motions concerned the right to counsel, he having alleged that there was an unnecessary delay in affording him counsel for his trial. The court is of opinion that *Turner*, supra, does not apply to the facts of this case.

There is another separate and independent reason to deny the motion in this case. This is a plain case of a prisoner who the record shows has not hesitated on at least two occasions to make false statements on oath, in writing, in his petitions, and who now seeks his release by sole virtue of a statement that he wanted to appeal, which statement he supposedly made to his attorneys thirty years ago, and which he has not disclosed to anyone until the present and after he had learned of the deaths of his attorneys. The statement is not now capable of contradiction, as a reading of all the files in this case will demonstrate. The reasoning of the Fifth Circuit in *Rubin*, infra, applies here. James Edward Testerman has had his day in court. "Unless our courts are to break down completely, there has to be a point at which the rule of finality takes over. That point has been reached and passed in this case." 433 F.2d 442, 446.

As the motion, files, and record of the case conclusively show that petitioner is entitled to no relief, an *ore tenus* hearing is not required. 28 U.S.C. § 2255; Poole v. United States, 438 F. 2d 325 (8th Cir. 1971); Reed v. United States, 441 F.2d 569 (9th Cir. 1971); United States v. Rubin, 433 F.2d 442 (5th Cir. 1970), cert. den. 401 U.S. 945, 91 S.Ct. 961, 28 L.Ed.2d 228 (1971); United States v. Farrar, 346 F.2d 375 (7th Cir. 1965); *Patrick*, supra, 310 F. Supp. at 1267.