Narcisse **LUFKINS**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. CIV 74–1019.**

United States District Court,
D. South Dakota, N. D.

April 21, 1975.

Narcisse Lufkins, petitioner pro se.

William F. Clayton, U. S. Dist. Atty.,
D. South Dakota, Sioux Falls, S. D., for
respondent.

NICHOL, Chief Judge.

Petitioner was found guilty by a jury
of second degree murder and sentenced
to twenty years in the custody of the
Attorney General. He appealed his con-
viction to the Eighth Circuit Court of
Appeals where it was affirmed without
opinion. He now brings this motion to
vacate his sentence pursuant to 28 U.S.
C. § 2255.[1] The following constitute the

---

1. A prisoner in custody under sentence of
a court established by ACT of Congress
claiming the right to be released upon the
ground that the sentence was imposed in vi-
olation of the Constitution or laws of the
United States, or that the court was without
jurisdiction to impose such sentence, or that
the sentence was in excess of the maximum
authorized by law, or is otherwise subject to
collateral attack, may move the court which
imposed the sentence to vacate, set aside or
correct the sentence. . . .

court's findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure.

Petitioner bases his motion on seven contentions, only three of which are not mere conclusionary statements and merit consideration. Two of the contentions meriting discussion go to effectiveness of assistance of counsel, and the third goes to the admissibility of a "confession."

■ The gist of petitioner's first contention going to effectiveness of his appointed counsel is that the counselor failed to make the jury understand that there was insufficient evidence of "malice aforethought" to find him guilty of second degree murder. Because this contention is based on an incorrect conception of the meaning of "malice aforethought", there is no need to take evidence on this point. The jury was properly instructed. The court has reviewed the transcript of the trial proceedings and finds that petitioner's counsel put forth a reasonably effective defense and closing argument in light of the evidence against petitioner. His handling of the defense certainly did not constitute a "mockery of justice," thus this contention must fail. Poole v. United States, 438 F.2d 325 (8th Cir. 1971).

■■ Petitioner's second contention going to effectiveness of counsel is that his counsel did not prepare and file a petition and writ of certiorari to the Supreme Court, and, he, therefore, was denied effective assistance of counsel. This court believes that an appointed attorney is obligated to advise his client of the right to have such a petition prepared and filed, to advise him of the likelihood of success of such a petition, and to prepare and file the petition if his client requests him to do so. Petitioner, however, does not allege that his counsel failed to give him the necessary advice or refused to prepare and file the petition for certiorari. He alleges only that his counsel did not prepare and file such a petition. This does not show ineffectiveness of counsel, and therefore there is no showing on this contention of any right to the relief sought. *See generally,* Patrick v. United States, 310 F.Supp. 1267, 1268 (E.D.Mo.1970).

■ Petitioner's third contention meriting discussion is that the "confession" was involuntary due to his state of intoxication at the time it was given and, therefore, should not have been admitted. The transcript shows that the "confession" consisted of a statement made completely voluntarily prior to either taking petitioner into custody or asking him any questions. The court believes, therefore, that the confession was properly admitted at trial, and that no purpose would be served by holding a hearing on this contention.

Having examined carefully the motion, files, and record of this case, the court believes they show conclusively that petitioner is entitled to no relief. No hearing, therefore, need be afforded to petitioner.

It is therefore ordered that this motion be dismissed.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus.